## GRANT TIMBER & MFG. CO. OF LOUISIANA, Inc., v. CAPPS.
### No. 5823.

Court of Appeal of Louisiana.
Second Circuit.
Feb. 6, 1939.

Oglesby & Oglesby, of Winnfield, for appellant.

A. L. Burford, of Texarkana, Ark., and White, Holloman & White, of Alexandria, for appellee.

DREW, Judge.

This is a suit for damages alleged to have arisen out of defendant's trespassing upon two forties of plaintiff's land and taking timber therefrom. The amount of timber alleged to have been taken by defendant is set out in detail in an amended petition filed by plaintiff and, as alleged, consisted of the total of 28,064 feet,— 18,967 feet of which was pine timber; the remainder consisting of oak and gum.

Defendant denied all of the allegations of plaintiff's petition.

The lower court awarded plaintiff judgment for the value of pine timber it found defendant had been paid for, to-wit: 18,-600 feet at $5 per thousand, amounting to $93.

From this judgment defendant prosecutes this appeal, and plaintiff has answered the appeal, praying that the judgment be increased to the amount sued for.

The case involves purely and simply questions of fact and we are of the opinion that the lower court has correctly found them. Defendant owned a large area of pine timber. He sold it to Thomas Lumber Company of Winnfield, Louisiana, to be cut within a specified time and defendant was to receive for the timber, as it was cut, $5 per thousand feet. Thomas Lumber Company assigned this contract to Walker-Johnson Lumber Company of Pollock, Louisiana, who constructed a small mill in the vicinity where the timber was located and cut it into lumber. Every two weeks the defendant would get a statement from Walker-Johnson Lumber Company of the amount of his timber that had been cut and delivered to it, and he in turn would present this statement to the Thomas Lumber Company in Winnfield, and receive his pay. Defendant had nothing to do with the cutting or hauling of the timber. A contract for that purpose had been given to one H. E. Clark by Walker-Johnson Lumber Company. In cutting defendant's timber Clark trespassed on plaintiff's land and cut therefrom both hardwood and pine timber. The pine timber was delivered by Clark to Walker-Johnson Lumber Company and defendant was paid for it as his timber at the rate of $5 per thousand. The

record fails to show with any certainty that defendant ever received any pay for the oak and gum timber cut by Clark on plaintiff's land.

No bad faith has been shown on the part of defendant. He did not trespass on plaintiff's land; Clark did. Defendant was not connected in any way by contract or otherwise with the operations of Clark. The lines between plaintiff's and defendant's land were fairly well marked. These lines were shown to Clark by defendant and the record clearly discloses that defendant did all within his power to prevent Clark from trespassing on the land of plaintiff and other lands. But nevertheless, defendant received pay for the pine timber cut from plaintiff's land and he must restore the amount so received to plaintiff.

The amount found by the lower court, we think, is correct. It therefore follows that the judgment of the lower court is affirmed with costs.