271 So.2d 551 (1972)
Linda Birch WILLIAMS et al.
v.
CHRYSLER MOTOR COMPANY et al.
No. 9105.
Court of Appeal of Louisiana, First Circuit.
December 26, 1972.
Rehearing Denied January 31, 1973.
*552 John W. Anthony and Lawrence R. Anderson, Jr., Talley, Anthony, Hughes & Knight, Bogalusa, for defendant and third party plaintiff-appellant Chrysler.
Burrell J. Carter, Greensburg, for defendants-appellees Homer M. Waller and W. Hugh Sibley.
Before LOTTINGER, ELLIS and CUTRER, JJ.
ELLIS, Judge.
This is an appeal by defendant Chrysler Motor Company, also referred to as Chrysler Motor Corporation and Chrysler Corporation, from a judgment sustaining an exception of no cause of action, dismissing its third party petition as to Homer M. Waller. According to the allegations of the pleadings herein, which for the purposes of the exception must be considered as true, the operative facts are as follows:
Mr. Waller was a guest passenger riding in the right rear seat of an automobile owned and operated by Jimmy R. Williams, whose wife, Linda Birch Williams, was riding as a guest passenger in the right front seat. The automobile was a 1970 Barracuda, manufactured by Chrysler.
The Williams vehicle became involved in an accident with another automobile driven by Johnny Sanders. As a result thereof, Mr. Waller was thrown into the back of the right front seat, which collapsed, and crushed Mrs. Williams against the dashboard, injuring her.
This suit was filed by Mr. and Mrs. Williams against Chrysler, alleging that Mrs. Williams' injuries were due to a defective safety latch, the failure of which permitted the collapse of the back of the right front seat when it was struck by Mr. Waller.
Chrysler answered, denying liability on a number of grounds, and made Mr. Waller a third party defendant, alleging his negligence on the following grounds:
"1. In acting in an indifferent manner in complete disregard for the safety of others.
"2. In failing to exercise due care and caution under all the circumstances herein related.
"3. In failing to fasten the seat belts provided for him, his omission resulting in his being thrown into plaintiff's seat, crushing and injuring her.
"4. In failing to otherwise take such precautions as might be necessary to prevent his being thrown into plaintiff."
Mr. Waller filed an exception of no cause of action, which was maintained by the trial court, and a judgment was signed dismissing the third party action against Mr. Waller. This appeal followed.
In this court, Chrysler asks the reversal of the judgment, and alternatively, that it be given the opportunity to amend its third party petition so as to state a cause of action. Chrysler did not request the latter relief in the lower court, and does not suggest in what respects it might amend its petition if granted the opportunity.
Addressing ourselves first to the question of whether Chrysler has stated a cause of action against Mr. Waller, we find that it has not. The first, second, and fourth allegations on which it bases its cause of action contain no specific factual allegations and are, in fact, conclusions reached by the pleader. Such allegations cannot form the basis of a cause of action, which, under our system of pleading, must be based on facts from which such conclusions may be drawn. See Article 891, Code of Civil Procedure; Blanchard v. Employers Liability Assurance Corp., 197 So. 2d 386 (La.App. 2 Cir. 1967).
The third allegation relates to the failure of Mr. Waller to fasten the seat belt provided for him. The question has been considered only twice before by the courts of this state, and then only insofar as it might constitute contributory negligence on the *553 part of the plaintiff. Lawrence v. Westchester Fire Insurance Company, 213 So.2d 784 (La.App. 2 Cir. 1968); Fontenot v. Fidelity and Casualty Co. of New York, 217 So.2d 702 (La.App. 3 Cir. 1969). In both of these cases, it was held that the failure to use a seat belt could not be considered a proximate cause or contributing cause of the accident which happened.
In this case, Chrysler contends that Mr. Waller's failure to fasten the seat belt was a primary cause of the accident since "but for" that failure, he would not have been thrown into the front seat. This would be true, provided there were a duty per se to fasten the seat belt. However, we find that no such duty exists since it is required neither by statute nor by judicial decision. For an excellent discussion of the matter, see the Lawrence case, supra. Therefore, the simple allegation of failure to fasten a seat belt does not, of itself, constitute an allegation of fact sufficient to state a cause of action for negligence.
We therefore conclude that the district judge properly sustained the exception of no cause of action.
As to Chrysler's right to amend its third party petition, we conclude that such must be afforded. Article 934 of the Code of Civil Procedure obliges the court to permit an amendment when the grounds for the exception may be removed thereby. Chrysler has offered no suggestion as to what such an amendment might be, and we have some difficulty in conjurying up situations in which the failure to fasten a seat belt might be negligence, particularly in the type of case here presented.
However, since Chrysler has represented to this court that it can allege a cause of action, and since the district judge was given no opportunity to express himself on the amendment question, we feel constrained to grant such an opportunity to Chrysler.
Accordingly, the judgment appealed from is affirmed. It is further ordered that the trial court permit appellant a delay of fifteen days in which to amend its petition, to commence upon the finality of this decree; thereafter this matter is to proceed in accordance with law and the views herein expressed. All costs of the case, including those of this appeal, will await final determination of the question of Chrysler's cause of action against Mr. Waller.
Affirmed and remanded.