AYRES, Judge.
This is an action wherein plaintiff, J. Norman Head, seeks to recover from the defendant, Robert Earl Adams, the sum of $5,000.00 paid by the former to the latter for an option to purchase a described 80-acre tract of land situated in Richland Parish and to recover an additional sum of $2,450.12 paid as interest, taxes, and payment on the purchase price of the property in anticipation of the eventual completion of the sale of the property by defendant to plaintiff.
The return of the price of the option is predicated upon the contentions:
1. That defendant’s title to the property was unmerchantable due to encumbrances exceeding the agreed purchase price of the property in the sum of $26,000.00;
2. That in defendant’s chain of title to the property there appeared of record a deed from John E. Pahal to Toxie E. Givens, a consideration for which included an assumption by Givens of the mortgage in the amount of $9,765.93 held by the Peoples Homestead and Savings Association, which assumption, however, was not signed by Givens; and
3. That, as disclosed by the records of Richland Parish, no patent of the United States of America was recorded conveying title to the property herein concerned.
With respect to the payment of $2,450.12 to apply on the purchase price of the property, plaintiff contends he was led by defendant to believe, though the option had expired through its terms, he could yet purchase the property under the terms of the option notwithstanding its prior expiration; that the payment was made through error and would result in defendant’s unjust enrichment at plaintiff’s expense.
Defendant’s position is that the mortgages recorded against the property did not constitute such defects in title as would justify plaintiff’s refusal to accept title to the property; moreover, that by the payment of the additional $2,450.12, plaintiff was granted an additional period of two weeks within which to complete his purchase of the property.
After trial, there was judgment in accordance with the written opinion rejecting plaintiff’s demands. From a judgment accordingly rendered and signed, plaintiff prosecutes this appeal.
By the option dated November 14, 1969, defendant granted unto plaintiff an exclusive right or option until midnight of November 14, 1970, to purchase the property for a cash consideration of $26,000.00. The price of the option was $5,000.00, which plaintiff paid defendant, and with respect to which, upon completion of the option, it was agreed this sum would be credited on the purchase price of the property.
In this option agreement it was recited that if Head desired to exercise the option, he would give written notice of his intention to do so to Adams at his address in Oak Grove, Louisiana, following which and within ten days thereafter, an act of sale would be .passed. Plaintiff, however, never gave the required notice to defendant. The option accordingly lapsed with the expiration of its term.
The option evidences the fact that the parties knew the property was encumbered with a mortgage or mortgages at the time *478 of its execution. Moreover, the record reveals payment of the mortgage or mortgages was dependent upon plaintiff’s securing funds through a mortgage on the property from the Federal Land Bank of New Orleans, or through some other source. With respect to a mortgage holder, Toxic E. Givens, also made a party to the option, it was therein recited:
“And now to this act appears Toxie E. Givens who declares and agrees that if Head is unable to secure a regular, conventional mortgage through the Federal Land Bank or other usual source, he, the said Givens will either advance the loan necessary to pay the balance or reduce the amount owed by Adams to him by a like amount under that certain mortgage dated April 5, 1968 whereby Givens sold Adams this place.”
We therefore find no merit in plaintiff’s first contention that defendant’s title to the property was not merchantable. The encumbrances on the title were disclosed to and well known by the parties and, moreover, it was further well known and understood that the funds from the contemplated sale were to be used for the payment of the mortgages of which plaintiff now complains.
Nor do we find any merit in the claim that the title was defective because a prior purchaser, Toxie E. Givens, did not sign an act of sale wherein he acquired the property from John E. Pahal, a part of the consideration of which was recited in the deed to have been assumed by him. This defect is a matter of no consequence in that Givens is a party to the option and is bound by its terms.
Likewise without merit is plaintiff’s contention that no patent to the property has been recorded in Richland Parish. It is not contended that a patent had not issued. No complaint as to title was based on the absence from the record of a patent to the property. Defendant was not afforded an opportunity to do the necessary curative work to perfect the title.
Hence, we conclude there is no merit in plaintiff’s claim for the return of the $5,000.00 paid for the option. This is particularly true in view of the fact that all parties knew of the encumbrances affecting the property. They obviously also knew from the language of the option agreement that the proceeds of the mortgage contemplated by their agreement would be used in the payment of existing indebtedness. Moreover, no demands were made upon Adams to clear the title of the mortgages. Thus, we find no basis for plaintiff’s complaint that the property was subject to prior indebtedness such as would affect the title to the property and nullify the option.
With regard to plaintiff’s demands for the return of the $2,450.12, defendant’s view is that at the time this payment was made the option had already expired and that payment was made for the purpose of affording plaintiff an additional time of two weeks within which to complete the sale. This position is contradicted by plaintiff’s testimony. Plaintiff’s viewpoint of the matter is supported by the notation on plaintiff’s check which recites: “75.44 Taxes, 1933.68 int., 441.00 principal.” No payment other than the price of the option was due until the option was exercised by plaintiff. The payment of this sum of $2,450.12 was therefore in error, an error of fact in that plaintiff presumed he was indebted unto defendant when in reality and in law he was not. The pretended payment was on an obligation which never came into existence due to plaintiff’s failure to exercise the option. The proof in the record evidences the fact that the aforesaid sum was given, as already observed, in anticipation of a final consummation of the sale of the property pursuant to the option. The sale was never consummated. Hence, plaintiff is entitled to the return of the amount paid through error. *479 Defendant may not so enrich himself at plaintiff’s expense.
A fundamental principle applicable to this issite is that one is obligated to restore that which was unduly received. LSA-C.C. Art. 2301 provides:
“He who receives what is not due to him, whether he receives it through error or knowingly, obliges himself to restore it to him from whom he has unduly received it.”
LSA-C.C. Art. 2302 states:
“He who has paid through mistake, believing himself a debtor, may reclaim what he has paid.”
In the case of Central Surety & Ins. Corp. v. Corbello, 74 So.2d 341, 344 (La.App., 1st Cir. 1954), an insurance company was permitted to recover a payment mistakenly made for an accident which occurred after the coverage of the policy had expired. In that case, which is factually similar to the present case, the court observed:
“The defendant has admittedly received a large sum of money which, as we have found, was not due him. There is nothing in the record which would tend to show that he was injured or damaged, in any way as the result of receiving the money. Under these circumstances we do not think he should be allowed to capitalize upon and be enriched by the error made by the plaintiff.”
There was no basis or consideration for the making of this payment, and it can only be concluded that it was made through error and should be returned.
Hence, for the reasons hereinabove assigned, the judgment appealed is annulled, avoided, reversed, and set aside; and
It is now ordered, adjudged, and decreed there be judgment herein in favor of plaintiff, J. Norman Head, against the defendant, Robert Earl Adams, for the full sum of $2,450.12, with legal interest thereon from judicial demand until paid, and for all costs, including the cost of this appeal.
Reversed and rendered.