316 So.2d 399 (1975)
Mrs. Peggy Jo Hilsmeyer BERRY et al.
v.
The EQUITABLE LIFE ASSURANCE SOCIETY OF the U.S. et al.
No. 10273.
Court of Appeal of Louisiana, First Circuit.
June 30, 1975.
Rehearing Denied August 26, 1975.
Ashton L. Stewart, Baton Rouge, for appellants.
J. David McNeill, III W. Arthur Abercrombie, Jr., John S. Thibaut, Jr., and G. William Jarmon, Baton Rouge, for appellees.
*400 Before LOTTINGER, COVINGTON, and BAILES, JJ.
COVINGTON, Judge.
This is a suit brought by the divorced wife, Peggy Jo Hilsmeyer Berry, individually and as the tutrix[1] of the two minor children, Patrice Berry and Doss Berry, III, of the deceased, Doss Berry, Jr., plaintiff's former husband, claiming the amounts due the deceased by his employer, Ethyl Corporation, under savings and retirement plans, which the employer had as fringe benefits for its employees.
During the time of his employment and prior to his divorce, Mr. Berry participated in these plans, through deductions from his wages. The savings plan consisted of deductions from the employee's wages and additional contributions by the employer; the retirement plan was made up only of deductions from the employee's wages and interest, and were to be refunded upon the employee's death prior to retirement. The Equitable Life Assurance Society of the U.S. underwrote the retirement plan.
The facts show that Doss Berry, Jr. and Peggy Jo Hilsmeyer Berry were married on August 16, 1952. They adopted the two children, who are claimants in this suit. On November 1, 1960, Mr. Berry began work for Ethyl Corporation. The Berrys were divorced in June, 1971, with the judgment of divorce decreeing the Ethyl Retirement Income Plan and the Ethyl Savings Plan to be community property. Mr. Berry died on March 22, 1973.
After the divorce Mr. Berry changed the beneficiary, on April 18, 1972, on the subject plans, naming his sister, Barbara Sue Berry. On his death, the funds herein involved were paid to the named beneficiary.
This suit was then brought claiming that the divorced wife was entitled to one-half of the funds as her share of the community property, and that the children were entitled to the other half of the funds as the sole heirs of their father, who had died intestate. Recovery was sought against Barbara Sue Berry, Ethyl Corporation and The Equitable Life Assurance Society of the U.S. solidarily for the retirement plan funds, and against Miss Berry and Ethyl solidarily for the savings plan funds.
Miss Berry answered and filed a reconventional demand for money allegedly advanced to the deceased by her prior to his death and also for certain expenses she allegedly incurred on the deceased's behalf since his death. Ethyl and Equitable third-partied Miss Berry to recover any money they might have to pay to the plaintiffs.
After trial the court awarded the divorced wife judgment for her community share of the two funds against Miss Berry, but denied her claim against the two corporate defendants. After the appeal was taken, Miss Berry paid that portion of the judgment to the divorced wife, so it is unnecessary for us to consider the individual claim of Peggy Jo Hilsmeyer Berry. The trial court also recognized that Mr. Berry died intestate leaving as his sole heirs his two children, and decreed that the other one-half of the disputed funds belonged to the children. In effect the trial court held that Miss Berry had received the disputed funds without any right to them; therefore, under the law, she was obligated to return the funds which had been mistakenly paid to her. See LSA-C.C. Arts. 2301, 2302; Head v. Adams, La.App., 275 So.2d 476, 479 (2 Cir. 1973); Central Surety & Ins. Corp., La.App., 74 So.2d 341, 344 (1 Cir. 1954); Grant Timber & Mfg. Co. of Louisiana, Inc. v. Capps, La.App., 186 So. 874 (2 Cir. 1939).
We see nothing to be accomplished by discussing the liability of the defendants Ethyl and Equitable, since any judgment *401 rendered against them would entitle them in turn to judgment against Miss Berry and none of the parties consider this an issue on appeal.
The main question then for us to answer is whether Barbara Sue Berry is entitled to recover on her reconventional demand against the Berry children for money advances and certain expenditures which the deceased allegedly owes her. The trial court was of the opinion that Miss Berry had paid all of the just debts of the deceased, and was, thus, entitled to recover on her reconventional demand against the children, subject to a reduction by the amount of the retirement and savings funds belonging to the children.
We find the trial court erred in granting Miss Berry's reconventional demand against the Berry children. The record discloses, and it is not seriously disputed, that Doss Berry, Jr. owed considerable debts at the time of his death. His estate must pay these debts. But that does not mean that his children must pay his debts. His sole heirs, being minors at the time of his death, could only accept his succession, with the benefit of inventory. See LSA-C.C. Arts. 977, 1032; Kelley v. Kelley, 198 La. 338, 3 So.2d 641 (1941); Berry v. Wagner, 151 La. 456, 91 So. 837 (1922); Succession of Jones, La.App., 193 So.2d 352 (1 Cir. 1966); Keith v. Lee, 13 La.App. 309, 127 So. 139 (1930); Oppenheim, 10 Louisiana Civil Law Treatise, Successions and Donations, Sec. 80, Page 168 (1973).
In Berry v. Wagner, the Court said at 151 La. 472, 91 So. 843:
"By `the benefit of inventory' is meant the privilege or advantage which an heir may enjoy, of having his liability for the debts or obligations of the succession limited to the extent of the value of the estate which he inherits."
As found by the trial court the estate inherited by the children is valued at $2,245.06; hence, Miss Berry's recovery would in these circumstances be limited to that amount. There is no way that the Berry children could legally be liable for an amount in excess of their inheritance. The trial court, therefore, erred in awarding Miss Berry the sum of $5,563.12 against the Berry children.
But more importantly, the claim of Miss Berry must be denied, because she admittedly paid the debts of her deceased brother pursuant to an arrangement with her brother by which she agreed to pay his just debts and he agreed to name her the beneficiary of his insurance. It seems clear from Miss Berry's testimony that it was the intent of the deceased and his sister that she should discharge his just debts, care for their elderly father, and see to the education of the Berry children, and she would be named the beneficiary under his insurance policy.
The deceased's debts were paid, as the testimony of Miss Berry shows, not out of any personal funds of Miss Berry, but out of the insurance funds received by Miss Berry from a group term life insurance policy or from funds of the father of Doss Berry, Jr. and Barbara Sue Berry. The evidence does not show that Miss Berry expended any of her own money to pay any of the debts of Doss Berry, Jr.
Accordingly, we amend the judgment of the trial court to decree judgment in favor of plaintiff, Mrs. Peggy Jo Hilsmeyer Berry, as tutrix of the minor, Doss Hickman Berry, III, and Miss Patrice Vaughn Berry, and against defendant, Miss Barbara Sue Berry, in the full sum of Two Thousand Two Hundred Forty-Five and 06/100 ($2,245.06) Dollars, together with interest thereon at the rate of seven (7%) per centum per annum from March 22, 1973 until paid; and for costs; we further amend the *402 judgment to deny the reconventional demand of Miss Barbara Sue Berry at her costs; and we affirm the rejection of the plaintiffs' demands against defendants Ethyl Corporation and The Equitable Life Assurance Society of the U.S., but cast each of these corporate defendants for its own costs of the trial. The defendant-appellee, Miss Barbara Sue Berry, is cast for costs of appeal.
Amended and affirmed.
NOTES
[1] Patrice Berry became of age after the filing of the suit and was substituted as a party plaintiff.