383 So.2d 1277 (1980)
Velma JOHNSON et al.
v.
Malcolm EDMONSTON, Sr. et al.
No. 13119.
Court of Appeal of Louisiana, First Circuit.
February 25, 1980.
*1279 Raymond C. Vinet, Sr., Baton Rouge, Allen H. Danielson, Jr., New Orleans, for plaintiff and appellant.
Robert J. Vandaworker, Baton Rouge, for defendants and appellees Hubert W. James, Carroll Parr, Arthur L. Robbins, Virginia Schexnayder.
Anthony J. Clesi, Jr., Baton Rouge, for defendants and appellees Jerome Braud, Kleve Stevens, Ronald F. Brock, Leon Delaune, Benjamin Delaune, Paul D. Elisar, Sr., Edward M. Gautreau, John E. Horton, Jr., Alfred W. Moore, Roy B. Tregre, Ronald W. Griffin, Donnie Smith, State Farm Ins. Co. and State Farm Fire & Cas. Co.
Joseph F. Keogh, Baton Rouge, for defendants and appellees Esau Girlinghouse, Victor Poirrier, Thurman Tanner and Dennis Watson.
Michael J. Matthews, Gonzales, for defendant and appellee Cline Braud.
W. Arthur Abercrombie, Jr., Baton Rouge, for defendants and appellees East Ascension Academy and Travelers Ins. Co.
Ralph Tureau, Gonzales, for defendants and appellees Wilson Longanecker and Jimmy Berthelot.
James B. Doyle, Baton Rouge, for defendant and appellee J. E. McCrory.
Arthur Howell Andrews, Baton Rouge, for defendant and appellee Milton Martinez.
James E. Moore, Baton Rouge, for defendant and appellee James Burleigh.
William C. Kaufman, III, Baton Rouge, for defendant and appellee Carlton Leblanc, Sr.
Gordon R. Crawford, Gonzales, for defendants and appellees Jerome P. Leblanc, Stanley Dixon, Arthur L. Robbins, and Virginia Schexnayder.
Glusman, Moore, Lopez & Wilkinson, Baton Rouge, for Lynwood Landry and Commercial Union Assurance Companies.
Miriam T. Attaya, Gonzales, for defendants and appellee Malcolm Edmonston, Sr.
Daniel R. Atkinson, Baton Rouge, for defendants and appellee Stanley Dixon.
David L. Ray, Baton Rouge, for defendant and appellee Ansell McAllister.
Vincent J. Sotile, Donaldsonville, for defendant and appellee East Ascension Academy.
John L. Rarick, St. Francisville, for defendants and appellees Gordon Nickens, Edward Heintze, Ellis Babin, Sam Frederic and William Contine.
Joseph Gautreau, in pro. per.
Dale Nolan, in pro. per.
Walter Downs, in pro. per.
Mathew Moran, in pro. per.
Calvin E. Hardin, Jr., Baton Rouge, for defendant-appellees Matthew Gautreau, et al.
Before COVINGTON, LOTTINGER and COLE, JJ.
COLE, Judge.
Plaintiff appeals the dismissal of forty defendants on motions for summary judgment and on the peremptory exception raising the objection of no cause of action.
This case arises out of an unfortunate accident which occurred in Ascension Parish on October 23, 1977. Alton N. Johnson, the husband of plaintiff, was shot and killed *1280 while attending a garage sale at the Jerome Braud residence. A shotgun, which was being cleaned by Malcolm Edmonston, Jr., a minor, discharged hitting Johnson in the back. The garage sale was being sponsored by the ninth grade class of East Ascension Academy.
Suit for wrongful death was brought by Velma H. Johnson, the surviving spouse, individually and as tutrix of the decedent's six minor children. Named initially as defendants were the parents of the three minors who were present at the garage sale, Malcolm Edmonston, Jr., Kim Braud, and Pam Stevens. In a supplemental and amending petition, the forty appellees were added as defendants along with East Ascension Academy. Appellees are the fathers and tutors of the members of the ninth grade class who were not present at the garage sale and Commercial Union Assurance Companies, the insurer of one of the parents.[1] The parents were sued individually and as administrators of the estates of their minor children. Eight appellees were dismissed on motions for summary judgment. Thirty-seven appellees, including five who were also let out on motions for summary judgment, were dismissed when the court sustained their peremptory exception raising the objection of no cause of action.
In the original and two supplemental and amending petitions, plaintiff made the following pertinent allegations: that the defendant-minors held the garage sale to raise money for their class or school; that the three class members present at the sale were delegated by the class to conduct the sale as a joint venture; that the merchandise at the sale was donated by the parents; that the garage sale was held at the Jerome Braud home with the permission and consent of all parents as a joint venture; that at the sale Velma Johnson inquired about the shotgun she saw behind the counter and was told it was not for sale; that while Malcolm Edmonston, Jr. was cleaning the shotgun, it discharged killing Alton Johnson. Plaintiff lists the negligent acts of the minors as follows:
1. Failing to exercise due care for the safety of others;
2. Failing to prohibit loaded shotguns at the garage sale;
3. Failing to warn Alton N. Johnson of the loaded gun;
4. Failing to prohibit the cleaning of a shotgun at the garage sale;
5. Cleaning a loaded shotgun in a crowded area;
6. Failing to ascertain if the shotgun was loaded, or in ascertaining the shotgun was loaded, failing to take the requisite precautions;
7. Failing to see if the line of aim of the shotgun was free and clear; and
8. Any and all other acts of negligence which may be proven at the trial of the matter.
The negligence of the parents was specified as the following:
1. Failing to exercise due care for the safety of others;
2. Failing to prohibit loaded shotguns at the garage sale;
3. Failing to warn Alton N. Johnson of the loaded gun;
4. Failing to prohibit the cleaning of a shotgun at the garage sale;
5. Failing to properly instruct said minors in the use of firearms;
6. Failing to ascertain if the shotgun was loaded, or in ascertaining the shotgun was loaded, failing to take the requisite precautions;
7. Failure to provide proper and adequate supervision for the garage sale to insure the safety of patrons; and
8. Any and all other acts of negligence which may be proven at the trial of this matter.

SUMMARY JUDGMENT
Code of Civil Procedure article 966 directs that a motion for summary judgment shall be granted "if the pleadings, depositions, *1281 answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."
Plaintiff complains the summary judgments dismissing eight appellees were improperly granted because there existed a relevant, genuine issue of fact, i. e. whether movers' actions were negligent.
Plaintiff does not assert an issue of material fact existed with respect to the accident and the movers' connection with the accident. The depositions, answers to interrogatories and affidavits on file reveal that the accident occurred essentially as alleged in the petition. These documents affirm that the movers were not present when the incident happened and had not been on the premises at any time that day. Their only connection with the garage sale was the children's membership in the ninth grade class, which had agreed as a body to sponsor a garage sale to raise money for a prom. The evidence before the court on the motions for summary judgment also confirmed that the gun which killed Alton Johnson was completely unconnected with the sale, having been brought there by Malcolm on his return from a hunting trip. The only witnesses to the accident besides plaintiff were the three minors, Malcolm, Pam, and Kim, but an adult, Jerome Braud, was on the scene a short time thereafter.
Although the facts related to the occurrence and movers' involvement are undisputed, questions remain as to whether movers' conduct constitutes negligence and as to whether the relationship among the defendants was such as would be a basis for the imputation of negligence. Plaintiff argues that the existence of negligence is an issue of fact to be resolved at trial. We recognize that if the evidence presented on the motion for summary judgment is subject to conflicting interpretations or reasonable men might differ as to its significance, a summary judgment would be improper. However when reasonable minds must inevitably conclude the mover is entitled to judgment on the facts before the court, the motion for summary judgment should be granted since in that case the reasonableness of conduct is an issue of law. Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976); Cosse v. Schwegmann Bros. Giant Supermarkets, 336 So.2d 1074 (La.App. 4th Cir. 1976); Green v. Southern Bell Telephone & Telegraph Co., 204 So.2d 648 (La.App. 3d Cir. 1967).
We think this was a proper case for the rendition of a summary judgment. After consideration of the undisputed facts, reasonable men would have to conclude the conduct of movers was not negligent and in no way rendered them liable for the accident. As relates to movers, the shooting was entirely unforeseeable. They did not know a gun was present nor, under the circumstances, did they have a duty to discover the gun's presence. When a child's or parent's only connection with a lawful activity, such as a garage sale, is the child's membership in the group which sponsors it, the law will not impose a duty to protect against an entirely unforeseeable risk of harm arising from that activity. Under the facts of this case, movers' failure to take positive steps to guard against such an accident was entirely reasonable.
Also, there is no basis for imputing to movers any negligence that might exist on the part of other defendants. Plaintiff's pleadings label the garage sale a joint venture. The doctrine of imputing negligence to members of a joint venture has been recognized by Louisiana courts. Williams v. Barton, 81 So.2d 22 (La.App. 2d Cir. 1955). However the doctrine is inapplicable in the present case as an essential characteristic of a joint venture is missingthat of the right of control. Little v. Mississippi Chemical Express, Inc., 285 So.2d 267 (La. App. 3d Cir. 1973). Even though there might have been a common interest among all defendants, there is no evidence nor pleadings which indicate the movers, who were not even present, had an equal right of control.

NO CAUSE OF ACTION
The objection of no cause of action raises the question of whether the law affords any remedy to plaintiff under the allegations of the petition. It is triable on *1282 the face of the petition. For purposes of its determination, all well-pleaded facts are accepted as true and all doubts are resolved in favor of the sufficiency of the petition. C.C.P. arts. 927, 931. Elliot v. Dupuy, 242 La. 173, 135 So.2d 54 (1961); Bielkiewicz v. Rudisill, 201 So.2d 136 (La.App. 3d Cir. 1967).
According to the allegations in the original and two supplemental and amending petitions, appellees were not present when the shooting accident occurred. Nor is there an allegation that appellees had otherwise acquired any knowledge of dangerous conditions existing at the sale. The only alleged connections between appellees and the incident were the children's membership in the class sponsoring the event, the parents' donations of merchandise and the parents' giving of permission to hold the sale. The petition also makes it clear that the gun which discharged was not an item of merchandise connected with the sale.
The specific acts of negligence plaintiff ascribed to the minors and parents are listed above. The first and eighth allegations made against both parents and children are of no import since they contain no specific factual allegations and thus cannot form the basis of a cause of action under our system of fact pleading. C.C.P. art. 891; Williams v. Chrysler Motor Company, 271 So.2d 551 (La.App. 1st Cir. 1972); Blanchard v. Employers Liability Assurance Corp., 197 So.2d 386 (La.App. 2d Cir. 1967).
Addressing first the allegations of negligence made against the children, we note the fifth allegation, "cleaning a loaded shotgun in a crowded area," is not applicable to the appellees since the petition specifically stated it was Malcolm Edmonston, Jr. who was cleaning the gun. The other allegations all involve the minor-appellees' failure to take certain actions with regard to the gun. We conclude these allegations do not state a cause of action as the alleged omissions do not constitute a breach of duty in light of the fact the minor-appellees were not at the sale and had no knowledge a gun was present. We do not think membership in the class sponsoring the sale is a sufficient basis for imposing on the minors such duties in regard to the gun.
Similarly, the allegations of negligence made against the parent-appellees fail to state a cause of action. Allegations 2, 3, 4 and 6 are the same as those made against the minors. As with the children, the failure of the parents to take the specified actions in regard to the shotgun did not constitute negligence as there was no breach of duty involved. The parent-appellees' connection with the incident was too attenuated to carry with it such a legal duty. The fifth allegation is "failing to properly instruct said minors in the use of firearms." Since any failure to provide instruction to the minors not present at the occurrence would not be a cause-in-fact of the accident, this allegation necessarily refers to the three minors present at the sale. Again we do not feel the appellees' relationship to the garage sale and the three children present would create a duty to provide instruction in the use of guns. The final allegation is that appellees failed to provide adequate supervision for the sale to insure the safety of patrons. Even if we assume parent-appellees did breach a duty to provide supervision for the sale, we would have to conclude the risk of harm the decedent encountered was not encompassed within the ambit of that duty. Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972). Appellees' alleged connection with the garage sale was such that they could not reasonably have anticipated that the particular risk involved would have developed.
Additionally, under the facts as alleged we find no basis for imputing to appellees any negligence that might have been committed by other parties. Plaintiff alleges that the garage sale was conducted as a joint venture, but this is a conclusion of law and is of no significance in testing the petition for a cause of action. Williams v. Chrysler Motor Company, supra. The facts alleged do not establish that the relationship among defendants was that of joint venturers. The essential element of equal control is negated by the fact appellees were not present at the sale. Williams v. *1283 Barton, supra; Little v. Mississippi Chemical Express, Inc., supra.
For the foregoing reasons, the judgment of the lower court is affirmed. Costs of this appeal are to be borne by plaintiff-appellant.
AFFIRMED.
NOTES
[1] The term "parents" will be used to refer to the fathers and tutors named as party defendants. Unless another meaning is clear from the context, the terms "defendants," "appellees," and "movers" will refer to both the parents and their minor children who were named in the pleadings.