407 So.2d 416 (1981)
Bennie Frazier Thornton JACKSON
v.
STATE of Louisiana, TEACHERS' RETIREMENT SYSTEM OF LOUISIANA, etc.
No. 14399.
Court of Appeal of Louisiana, First Circuit.
February 18, 1981.
Robert D. Downing, Baton Rouge, for plaintiff-appellee Bennie Frazier Thornton Jackson.
Kay Bates, Baton Rouge, for third party defendant-appellee Sandra O. Thornton.
William T. Reeves, Jr., Asst. Atty. Gen., Baton Rouge, for defendant-appellee State of Louisiana Teachers' Retirement System of Louisiana through the Board of Trustees.
Ellen R. Eade, North Louisiana Legal Assistance Corp., Monroe, for third party defendant-appellant Helen C. Thornton.
Before COVINGTON, COLE and WATKINS, JJ.
COVINGTON, Judge.
Third party defendant, Helen C. Thorton, appeals the judgment on a motion for summary judgment in favor of third party plaintiff, State of Louisiana, Teachers' Retirement System, through the Board of Trustees, against third party defendants, Helen C. Thornton and Sandra O. Thornton, in the amount of $4,353.64, together with legal interest and costs.[1] We affirm.
Matthew C. Thornton (Employee) became a member of the retirement system in 1963. *417 He designated "Bennie Thornton," who is now Bennie Frazier Thornton Jackson, the original plaintiff herein and formerly decedent's wife, as his beneficiary, to receive his contributions to the system (System) in the event of his death before retirement. This was done on September 25, 1963.
Employee died on February 8, 1972. Shortly thereafter, his former wife, Bennie, his surviving spouse, Helen, appellant herein, and Sandra (Employee's daughter) contacted System concerning any benefits.
System received, in April of 1976, a judgment of possession in the Succession of Matthew Thornton, No. 10,054, 28th Judicial District Court, Parish of Caldwell, dated October 10, 1972, recognizing Helen C. Thornton as the surviving spouse and owner of an undivided one-half interest in the community property with the late Matthew Thornton, and putting Sandra Thornton, as Matthew Thornton's sole heir, in possession of his entire estate.[2] Then, on June 9, 1976, in a letter to the surviving spouse, the System acknowledged receipt of a copy of the Judgment of Possession and sent her a form for completion by her and Sandra. In the same month, the retirement system was furnished the completed form, "Application of Beneficiary for Return of Accumulated Contributions of Deceased Member", signed by "Helen C. Thornton" and "Sandra O. Thornton." Thereafter, System issued its check No. 552174 dated 06/22/76 in the amount of $4,353.64, payable to the "Estate of Matthew C. Thornton, c/o Helen C. Thornton & Sandra O. Thornton, Beneficiaries." The check was endorsed and cashed by Helen C. Thornton and Sandra O. Thornton.
On May 3, 1978, Bennie Frazier Thornton Jackson, alleging that she was the former wife of Thornton and the named beneficiary of his retirement benefits, sued the State of Louisiana, Teachers' Retirement System of Louisiana. System responded to plaintiff's petition, and filed a third party petition against Helen C. Thornton and Sandra O. Thornton, asserting that if System should be found liable to plaintiff Jackson, then the third party defendants should be held liable to System for the amount of any judgment rendered in favor of the original plaintiff.
In the course of those proceedings, the plaintiff moved for a summary judgment against System; and System, in turn, filed a motion for summary judgment against the third party defendants. Hearing on the motions was held on September 26, 1980, with the motion for summary judgment on behalf of the plaintiff being granted against System. System's motion was taken under advisement. On December 17, 1980, for oral reasons assigned, the lower court rendered judgment in favor of the third party plaintiff, System, against Helen C. Thornton and Sandra O. Thornton, and the present appeal followed.
This situation is controlled by LSA-C.C. arts. 2301 and 2302; and the case of Berry v. Equitable Life Assurance Society of the U.S., 316 So.2d 399 (La.App. 1 Cir. 1975). In Berry, we found that the decedent's sister had received the disputed funds from the decedent's employer's saving and retirement plans without any right to the funds, and held that the recipient was obligated to return the funds which had been mistakenly paid to her, citing LSA-C.C. arts. 2301, 2302, and the jurisprudence interpreting the cited codal articles. In the instant case System mistakenly paid Helen C. Thornton and Sandra O. Thorton; the designated beneficiary, Bennie Frazier Thornton Jackson, was legally entitled to the funds in the retirement system. T.L. James & Co., Inc. v. Montgomery, 332 So.2d 834 (La.1976); Teachers' Retirement System of Louisiana v. Vial, 317 So.2d 179 (La.1975). Hence, the third party defendants received the funds paid by System without any right to the funds. They are thus obligated to return the funds to System.
The appellant's contention, that System should be barred from recovery of the funds mistakenly paid because of its negligence in paying the funds to the third party defendants, is without merit. Such negligence, *418 if any, is no bar to System's claim for payment in error or through mistake. DeVillier v. Highlands Insurance Company, 389 So.2d 1133 (La.App. 3 Cir. 1980); Central Surety & Ins. Corp. v. Corbello, 74 So.2d 341 (La.App. 1 Cir. 1954).
System and Helen C. Thornton filed affidavits, with attached exhibits with the motion and opposition thereto. The pleadings, answers to interrogatories, affidavits and exhibits clearly show that there is no disputed fact. There is no genuine issue as to a material fact. Third party defendants do not assert an issue of material fact concerning the payment of the funds and the circumstances surrounding such payment. Rather, the appellant argues that System's conduct in first denying entitlement to the fund, then three years later encouraging the claimants' participation, while knowing that Bennie Thornton had been named beneficiary, constituted negligence on System's part. Appellant asserts: "Was the conduct of the system in paying Appellant so unreasonable and careless as to preclude recovery of funds?"
We have stated above that negligence is not a bar to recovery of funds mistakenly paid to the wrong claimant. It is clear that appellant does not base her contention of trial court error on a finding of no genuine issue of material fact in dispute. Appellant also argues that mover is not entitled to judgment as a matter of law, because reasonable minds could differ as to the legal conclusion resulting from the undisputed facts. We, of course, recognize that if the evidence presented on a motion for summary judgment is subject to conflicting interpretations or reasonable men might differ as to its significance, a summary judgment would be improper. LSA-C. C.P. art. 966. However, when reasonable minds must inevitably conclude the mover is entitled to judgment on the facts before the court, the motion for summary judgment should be granted. Johnson v. Edmonston, 383 So.2d 1277 (La.App. 1 Cir. 1980). We hold that this was a proper case for the rendition of a summary judgment. After consideration of the undisputed facts, reasonable men would necessarily reach the conclusion that System had mistakenly paid the third party defendants who had, through error, received funds which were not due to them, since they were not designated beneficiaries under the retirement plan. Hence, as the trial court held, System is entitled to return of the full amount of money which has been paid to Helen C. Thornton and Sandra O. Thornton.
The third party defendant further argues that Helen C. Thornton, as surviving spouse is entitled to a portion of the funds in question under the community property laws. This argument has been answered adversely to her position in the case of T.L. James & Co., Inc. v. Montgomery, supra. The surviving partner in community (surviving spouse) may be entitled to an accounting of community contributions to the retirement system from the decedent's estate or his heirs, Thrash v. Thrash, 387 So.2d 21 (La.App. 3 Cir. 1980), but not from the beneficiary or the retirement system. Thus, we reject the contention that, as surviving spouse, she is entitled to be recognized as owner of one-half of the benefits attributable to contributions made during the existence of the community between her and the decedent.
In its present posture this is not a contest between a surviving spouse and the decedent's estate or heirs, or with the beneficiary of retirement benefits. There has been no appeal from the judgment awarding the retirement benefits to the named beneficiary. The appellant has only appealed the December 17, 1980, judgment in favor of the third party plaintiff, the retirement system. The surviving spouse has neither asserted a claim nor asked for an accounting against the estate or the decedent's heirs.
Accordingly, for the foregoing reasons, the judgment appealed is affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] Sandra O. Thornton has not appealed.
[2] The retirement system funds were not mentioned in the judgment of possession.