951 So.2d 330 (2006)
Vilma RAGER
v.
Bartley Paul BOURGEOIS, Global Motorsports, Canal Indemnity Company and Allstate Insurance Company.
No. 2006 CA 0322.
Court of Appeal of Louisiana, First Circuit.
December 28, 2006.
*331 Philip Bohrer, Baton Rouge, Counsel for Plaintiff/Appellee Vilma Rager.
Alan J. Yacoubian, Rene S. Paysse, Jr., New Orleans, Counsel for Defendants/Appellants Canal Indemnity Company, Bartley Paul Bourgeois, Global Motorsports.
Donald R. Smith, Baton Rouge, Counsel for Defendant/Appellant Allstate Insurance Company.
Christopher E. Lozes, Mandeville, Counsel for Defendant/Appellant Allstate Insurance Company.
Before: PARRO, GUIDRY, and McCLENDON, JJ.
McCLENDON, J.
Defendant-appellant, Canal Indemnity Company (Canal), appeals the district court's denial of Canal's motion for summary judgment and grant of summary judgment in favor of Allstate Insurance Company (Allstate) on the issue of coverage. Finding error in the grant of the summary judgment, we reverse that judgment and remand.

FACTS AND PROCEDURAL BACKGROUND
Plaintiff, Ms. Vilma Rager, who was insured by Allstate, alleged that a vehicle driven by defendant, Mr. Bartley Paul Bourgeois, rear-ended Ms. Rager's vehicle, and caused damage. At the time of the accident on June 23, 2003, the vehicle driven by Mr. Bourgeois was owned by Pace Brothers, LLC d/b/a Global Motorsports (Global Motorsports), who was insured by Canal. Although Mr. Bourgeois apparently believed at the time of the accident that he had liability coverage with Allstate, Allstate claimed that his policy afforded comprehensive coverage only.
The issue before the court on the motions for summary judgment was coverage under the policy issued to Global Motorsports by Canal. The challenged exclusion from coverge in the Canal policy provided as follows:

*332 a. The following are "insureds" for covered "autos":
(1) You for any covered "auto".
(2) Anyone else while using with your permission a covered "auto" you own, hire or borrow except;
* * *
(d) Your customers, if your business is shown in the Declarations as an "auto" dealership. However, if a customer of yours:
(i) Has no other available insurance (whether primary, excess or contingent); they are an "insured" but only up to the compulsory or financial responsibility law limits where the covered "auto" is principally garaged.
(ii) Has other available insurance (whether primary, excess or contingent) less than the compulsory or financial responsibility law limits where the covered "auto" is principally garaged, they are an "insured" only for the amount by which the compulsory or financial responsibility law limits exceed the limit of their other insurance.
The motion for summary judgment filed by Canal asked for a finding that the Canal insurance policy issued to Global Motorsports, a used car dealership, provided coverage to the dealership "customers" only to the compulsory limits required by LSA-R.S. 32:900 B(2). Thus, argued Canal, Mr. Bourgeois, who acknowledged in his deposition that he was a customer of Global Motorsports, was covered only to the statutory minimum of $10,000.00 per person, $20,000.00 per accident, and $10,000.00 for property damage. Citing as support, Marcus v. Hanover Insurance Company, Inc., 98-2040, pp. 8-10 (La.6/4/99), 740 So.2d 603, 609-10, Canal alternatively prayed that any applicable invalid policy provision be reformed only to the extent of the same minimum compulsory limit.
Attached to Canal's motion for summary judgment in the record before us is the Canal policy and the deposition of Mr. Bourgeois. The deposition and a more complete version of the Canal policy were also filed in the record as plaintiffs exhibits one and two. In its memorandum, Canal reserved the right to resolve the issue of the type of coverage afforded to Mr. Bourgeois by Allstate.
The motion by Allstate was filed in its capacity as the carrier of Ms. Rager's uninsured/underinsured motorist (UM) coverage. In Allstate's memorandum in support of its motion, it argued that Canal's attempt to limit its coverage to uninsured or underinsured "customers," and only for the minimum UM coverage mandated by law, violated Louisiana law and was against public policy. Allstate further argued that based on other statements in the deposition, Mr. Bourgeois was not a customer, but rather a permissive driver who "borrowed" the vehicle in question and other cars from his brother-in-law, an owner of Global Motorsports. As a permissive driver, Mr. Bourgeois was not subject to the exclusion contained in the Canal policy for "customers," and thus, was entitled to the full liability coverage of $100,000.00. In support of its position, Allstate primarily relied on the Canal policy and Bourgeois deposition.[1] At the time Allstate filed its motion, it also filed a pleading entitled, "STATEMENT OF UNCONTESTED FACTS," which again denied that Allstate covered Mr. Bourgeois for liability.
*333 In the deposition, Mr. Bourgeois specifically testified that he had sold his previous vehicle almost four months before the June, 2003 accident, and that he was a "customer" of Global Motorsports. While he was deciding what to buy, he drove various cars, including two or three from Tip Pace, his brother-in-law and an owner of Global Motorsports in St. Francisville, Louisiana, and two cars from a "guy" in "Woodville." When asked if he paid anything for the use of the cars he "borrowed" from his brother-in-law, he responded, "No." On the day of the accident, he had been "test driving" that particular car for about five days. Further, Mr. Bourgeois stated that he eventually purchased a car from a Global Motorsports located in another state, which was owned by Mr. Pace's brother. Mr. Bourgeois also testified that he believed the Allstate insurance he carried at the time in question covered him regardless of what vehicle he drove.
After a hearing, the district court denied Canal's motion for summary judgment, and granted Allstate's motion. In its judgment, the district court specifically found that "[Canal] affords $100,000.00 liability coverage for Bartley Bourgeois. . . ." Canal appealed the district court's interlocutory denial of its motion, and the summary judgment granted in favor of Allstate.

LEGAL PRECEPTS
Summary judgment is appropriate only if pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966 B. The burden remains on the movant. However, if the initial burden on the matter is not on the movant, he is required only "to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense". LSA-C.C.P. art. 966 C(2). The initial burden to establish that a claim falls within the policy coverage is on the plaintiff. Evins v. Louisiana Farm Bureau Mutual Insurance Company, XXXX-XXXX, p. 3 (La.App. 1 Cir. 2/11/05), 907 So.2d 733, 734. However, an insurer seeking to avoid coverage through summary judgment must prove some provision applies to exclude coverage. Gaylord Chemical Corporation v. ProPump, Inc., 98-2367, p. 4 (La.App. 1 Cir. 2/18/00), 753 So.2d 349, 352. Absent a conflict with statutory provisions or public policy, insurers are entitled to limit their liability. Marcus, 98-2040 at p. 4, 740 So.2d at 606. The likelihood a party will prevail on the merits does not constitute a basis for rendition of summary judgment. Smith v. State, Department of Administration, 96-0432, p. 7 (La.App. 1 Cir. 5/9/97), 694 So.2d 1184, 1188, writ denied, 97-1493 (La.11/14/97), 703 So.2d 1288.
The credibility of a witness is an important question of fact. Thus, even though summary judgments are now favored, a credibility determination is not appropriate on a motion for summary judgment. Hutchinson v. Knights of Columbus, Council No. 5747, XXXX-XXXX, p. 8 (La.2/20/04), 866 So.2d 228, 234; LSA-C.C.P. art. 966 A(2). Summary judgment is seldom appropriate for determinations based on subjective facts, such as motive, intent, good faith, knowledge, and malice. If the evidence presented on a motion for summary judgment is subject to conflicting interpretations, or reasonable men might differ as to its significance, summary judgment is improper. However, if reasonable minds must inevitably conclude that the mover is entitled to judgment on the undisputed material facts before the court, the motion for summary judgment should be granted. Jackson v. State, *334 Teachers' Retirement System of Louisiana, 407 So.2d 416, 418 (La.App. 1 Cir. 1981); Johnson v. Edmonston, 383 So.2d 1277, 1281 (La.App. 1 Cir.1980). On appeal, summary judgments are reviewed de novo, using the same criteria as the court below. Hutchinson, XXXX-XXXX at p. 5 n. 2, 866 So.2d at 232 n. 2.

ANALYSIS
Logically, the threshold issue in Canal's and Allstate's cross motions was whether Mr. Bourgeois was a "customer," possibly subject to the coverage limitation contained in the Canal policy. If he was found to be a "customer," the court would then need to determine if the exclusion from coverage for "customers" violated Louisiana statutory requirements or public policy. If he was a permissive driver at the time of the accident, the trial court would not need to address Louisiana statutory or public policy requirements.
It appears from the district court's oral reasons that the basis for the grant of summary judgment was the court's finding that the Canal policy violated Louisiana's "omnibus clause." See LSA-R.S. 32:861 & 900 B(2) & M (compulsory extension of coverage to permissive drivers). The court, however, then reformed the Canal policy to afford Mr. Bourgeois the maximum coverage under the policy. Thus, although the district court did not make a clear ruling on Mr. Bourgeois' status, it must have initially found that he was a customer test driving a vehicle. Otherwise, the court would not have needed to address whether the exclusion violated Louisiana law or public policy.
In Savana v. Certain Interested Underwriters at Lloyd's London, 2001-2450 (La.App. 1 Cir. 7/2/02), 825 So.2d 1242, this court found an identical coverage limitation or exclusion to be valid. We find nothing in this record that would distinguish the instant case from Savana, or serve as a basis for a violation of our law or public policy. The Canal limitation or exclusion did not impermissibly eliminate coverage for "customers," regardless of the circumstances or whether the customer lacked insurance coverage. It merely limited, to the allowable statutory minimum, the coverage Canal was required to provide to uninsured or underinsured "customers." Thus, we find that the policy provisions do not violate Louisiana law or public policy. As a matter of law, the district court erred in its grant of summary judgment based on a finding of statutory or legal invalidity, and in its reformation of the policy to provide the maximum coverage. See Savana, 2001-2450 at pp. 3-6, 825 So.2d at 1243-45 (and supporting cases cited therein); Marcus, 98-2040 at pp. 8-10, 740 So.2d at 609-10 (wherein the Louisiana Supreme Court found a different, more exclusionary provision to be invalid, but held that the provision could be reformed to provide coverage equal only to the statutory minimum).
Despite this error, we must determine whether the record provides an alternative basis for upholding the grant of summary judgment. Another possible basis for upholding the district court's decision would be a finding that, at the time of the accident, Mr. Bourgeois was clearly not a customer, but a permissive driver who "borrowed" a car for an extended period from a family member's dealership.
However, from our de novo review, we find that the evidence presented in the deposition was open to conflicting interpretations, including subjective questions of motive or intent. We also find that reasonable men could have differed on the significance of various statements by Mr. Bourgeois. Jackson, 407 So.2d at 418; Johnson, 383 So.2d at 1281. Without a *335 rejection of Mr. Bourgeois' direct testimony that he was a customer of Global Motorsports, was test driving a vehicle from Global Motorsports, and eventually bought a car from a related dealership, the district court could not have "inevitably" concluded that Mr. Bourgeois was a permissive driver, not a customer. Id. Regardless of whether the district court believed that Canal would be able to meet its burden at trial to rebut the plaintiff's and Allstate's claim that Mr. Bourgeois was a permissive driver, Canal is entitled to present its evidence and argue its interpretation to the trier of fact. Thus, a genuine issue of material fact remained as to Mr. Bourgeois status as a customer or a permissive driver. A finding of a permissive driver at this juncture would require an inappropriate credibility decision on a motion for summary judgment, and cannot serve as an alternative basis for the grant of summary judgment.
Under a similar analysis, we find that the district court was correct in denying Canal's motion for summary judgment. A grant of Canal's motion for summary judgment would have required the district court to place significance on certain statements, disregard the frequency and duration of the use of a family member's dealership cars, and accept as credible Mr. Bourgeois' subjective claim that, at the time of the accident, his intent or motive was that of a "customer" conducting a routine test drive. Again, such an inquiry is inappropriate on a motion for summary judgment. Thus, we disagree with Canal, and find that the district court's interlocutory judgment denying Canal's motion was correct.
For these reasons, we find that the district court erred in granting summary judgment in favor of Allstate. We reverse that judgment and remand to the district court for further proceedings. The costs of the appeal are assessed one-half to the appellee, Allstate, and one-half to appellant, Canal.
REVERSED AND REMANDED.
NOTES
[1] In its briefs to this court, Canal refers to an affidavit by Frank Pace. However, the affidavit does not appear in the record on appeal.