385 So.2d 405 (1980)
Clifton E. HAGOOD, Jr., et al.
v.
Kenneth E. PICKERING et al.
No. 13210.
Court of Appeal of Louisiana, First Circuit.
May 5, 1980.
*407 Ross A. Brupbacher, Jefferson J. Moss, Jr., Lafayette, for plaintiff-appellant Clifton E. Hagood, Jr.
William J. Guste, Jr., Atty. Gen., Kenneth C. DeJean, Asst. Atty. Gen., Baton Rouge, for defendants-appellees Kenneth E. Pickering, et al.
Before COVINGTON, LOTTINGER and COLE, JJ.
COLE, Judge.
There are two issues presented by this appeal: (1) whether under the Administrative Procedures Act (La.R.S. 49:951 et seq.) an applicant for a certificate of authority to organize a bank is entitled to a hearing before the Commissioner of Financial Institutions; and (2) whether the trial court was correct in its review on the merits of the decision of the Commissioner.
Plaintiffs-appellants petitioned the Commissioner of Financial Institutions for authorization to establish the First Acadian Bank and Trust Company in Lafayette Parish. After three informal meetings with the plaintiffs, the Commissioner denied the application on September 11, 1978, citing insufficient need for banking services in the area. The Commissioner testified his ruling was based on confidential materials gathered by his examiners.
Plaintiffs assert that judicial review of the Commissioner's decision is controlled by § 964 of the Administrative Procedures Act and that under § 955(A) of that act they were entitled to a formal hearing before the Commissioner. The relevant portions of the act read as follows:
§ 951.
As used in this Chapter:
(1) `Adjudication' means agency process for the formulation of a decision or order.
. . . . .
(3) `Decision' or `order' means the whole or any part of the final disposition (whether affirmative, negative, injunctive, or declaratory in form) of any agency, in any matter other than rulemaking, required by constitution or statute to be determined on the record after notice and opportunity for an agency hearing, and including non-revenue licensing, when the grant, denial, or renewal of a license is required by constitution or statute to be preceded by notice and opportunity for hearing.
§ 955.
A. In an adjudication, all parties who do not waive their rights shall be afforded an opportunity for hearing after reasonable notice.
§ 964.
A. A person who is aggrieved by a final decision or order in an adjudication proceeding is entitled to judicial review under this Chapter ....
The Supreme Court in the recent case of Delta Bank & Trust Company v. Lassiter, 383 So.2d 330 (La.1980), held the Commissioner is a state agency as defined in the Administrative Procedures Act and that the provisions of the act do apply to his activities. However, for the reasons given below, we conclude there is no provision which requires the Commissioner to grant a hearing to an applicant for a certificate of authority.
Section 955(A) of the act gives a right to a hearing only in an "adjudication." When the definition of "adjudication" is read together with the definition of the included words "decision or order," it is *408 clear a hearing is provided for only when the agency disposition is required by statute or constitution to be made after notice and opportunity for a hearing. In other words, the Administrative Procedures Act does not create an independent right to a hearing. It merely sets forth the procedures to be used if the agency is obligated to hold a hearing by constitution or another statute. Delta Bank & Trust Company v. Lassiter, supra; First Federal Savings & Loan Association of Concordia, Vidalia v. Smith, 327 So.2d 657 (La.App. 1st Cir. 1976); First National Bank of Abbeville v. Sehrt, 246 So.2d 382 (La.App. 1st Cir. 1971).
Also the procedures for judicial review provided for in the Administrative Procedures Act are restricted to persons who are "aggrieved by a final decision or order in an adjudication proceeding." La. R.S. 49:964. Thus, this provision too is applicable only when the ruling under review is one required by statute or constitution to be made after notice and a hearing.
In ruling on applications for certificates of authority, the Commissioner is acting under the statutory authority of La.R.S. 6:241, which provides in pertinent part:
No banking association shall commence business or open branch offices until it has procured from the commissioner a certificate of authority which shall not be granted until the association has furnished to him satisfactory proof that it has complied with all requirements concerning the adoption and recordation of its charter and that one hundred percent of the subscribed capital has been paid up in lawful money.
. . . . .
Before issuing a certificate of authority to any banking association or savings bank, the commissioner shall examine the qualifications, responsibility, and standing of the persons organizing the association or bank. If he finds that the public interest will not be subserved by permitting such persons to organize the association or bank, he shall refuse to issue the certificate.
Nothing in this statute nor in other statutes relative to the Commissioner's functions requires a hearing on applications for certificates of authority. Delta Bank & Trust Company v. Lassiter, supra; First National Bank of Abbeville v. Sehrt, supra.
However, we must go one step further and determine if a hearing is required by the due process clauses of the Louisiana and federal constitutions. If it is, then the provisions of the Administrative Procedures Act would apply. In Delta Bank & Trust Company v. Lassiter, supra, the Supreme Court held opponents of an application for a certificate of authority had no due process rights to a hearing since the competition of a new bank in the area did not constitute deprivation of any liberty or property interests. The case before us differs in that it involves the due process rights of the applicants, not the opponents.
The initial inquiry in a due process claim is to determine if the claimant has a property or liberty interest which has been adversely affected. Board of Regents of State Colleges v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). For the reasons given below, we conclude plaintiffs have no property or liberty interests within the protection of the due process clause which are damaged by the Commissioner's refusal to grant a certificate of authority.
Plaintiffs have certainly not been deprived of "liberty" 'by the Commissioner's refusal to authorize them to establish a bank. Their position as it relates to any liberty interest remains the same as before the Commissioner's ruling. The denial of their application on grounds of insufficient need in no way harmed their reputation in the community or deprived them of opportunities to engage in other business ventures. Board of Regents of State Colleges v. Roth, supra; Wisconsin v. Constantineau, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971).
The U. S. Supreme Court in Board of Regents of State Colleges v. Roth, supra, 92 S.Ct. at 2709, discussed the property interests protected by procedural due process as follows:

*409 To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. It is a purpose of the ancient institution of property to protect those claims upon which people rely in their daily lives, reliance that must not be arbitrarily undermined. It is a purpose of the constitutional right to a hearing to provide an opportunity for a person to vindicate those claims.
Property interests, of course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state lawrules or understandings that secure certain benefits and that support claims of entitlement to those benefits.
Plaintiffs clearly have no property interest in a certificate of authority. La. R.S. 6:241 does not condition the granting of certificates merely on the applicant meeting certain specified qualifications. Rather, it gives the Commissioner broad discretionary powers to determine if the public interest would be subserved. Nothing in this statute could be construed to give an applicant a legitimate claim of entitlement to a certificate of authority.
In our holding that due process does not require an applicant be given a hearing before the denial of an application, we are supported by the following observation made by the Louisiana Supreme Court in Delta Bank and Trust Company v. Lassiter, supra at footnote 4:
In Camp v. Pitts, 411 U.S. 138, 93 S.Ct. 1241, 36 L.Ed.2d 106 (1973), the Supreme Court of the United States held that the Comptroller of the Currency is not required to hold a hearing on applications for bank charters, even at the instance of a party who has actually applied for a charter. The court did not directly address the issue of due process, but the clear implication of the holding was that there is no due process problem with the comptroller's power to grant or deny such applications in his discretion without a hearing.
Since there is no constitutional nor statutory requirement for a hearing on applications for certificates of authority, we hold, as did the trial court, that the procedures set forth in the Administrative Procedures Act for hearings and judicial review do not apply to the Commissioner's disposition of the application nor to our review of his ruling.
The trial court, after finding the Administrative Procedures Act inapplicable, proceeded to review on the merits the Commissioner's decision. Following an in-camera inspection of the documents relied upon by the Commissioner, the trial court upheld the Commissioner's action on the grounds the Commissioner did not act in an arbitrary, capricious or unreasonable manner.
We agree with the trial court that the Commissioner's decision is subject to judicial review and that the scope of review is limited to a determination of whether the ruling was unreasonable, arbitrary or capricious or amounted to an abuse of discretion. Delta Bank & Trust Company v. Lassiter, supra; Kansas City Southern Ry. Co. v. Louisiana Public Service Commission, 254 La. 160, 223 So.2d 132 (1969). However, we must reverse the trial court as the plaintiffs failed to state a cause of action for judicial review.[1]
To state a cause of action for review of an administrative proceeding a petition must contain allegations of facts from which the court could conclude the administrative agency abused its discretion. Delta Bank & Trust Company v. Lassiter, supra.
In testing a petition for a cause of action, all well-pleaded facts are accepted as true and all doubts are resolved in favor of the *410 sufficiency of the petition. C.C.P. arts. 927, 931; Elliott v. Dupuy, 242 La. 173, 135 So.2d 54 (1961). However mere statements of conclusions of law will not state a cause of action. C.C.P. art. 891; Delta Bank & Trust Company v. Lassiter, supra; Johnson v. Edmonston, 383 So.2d 1277 (La.App. 1st Cir. 1980); Williams v. Chrysler Motor Company, 271 So.2d 551 (La.App. 1st Cir. 1972).
An examination of plaintiffs' pleadings reveals no allegations of fact from which a court could conclude the Commissioner abused his discretion. The supplemental and amending petition contains the following allegations:
(1) The decision was made in excess of the statutory authority of the Office of Financial Institutions.
(2) The decision was made upon unlawful procedure.
(3) The decision was arbitrary or capricious or characterized by an abuse of discretion or by a clearly unwarranted exercise of discretion.
(4) The decision was manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record.
However, each of the above statements is a conclusion of law unsupported by any allegations of specific facts.
For the foregoing reasons, the judgment below is affirmed in part and reversed in part and the case is remanded for further proceedings in accordance with Code of Civil Procedure article 934. Costs of this appeal are assessed against plaintiffs-appellants.
AFFIRMED IN PART, REVERSED IN PART and REMANDED.
NOTES
[1] Code of Civil Procedure article 927 provides an appellate court can notice on its own motion the failure to state a cause of action.