LOTTINGER, Judge.
This is a declaratory judgment action seeking to have La.R.S. 6:852(C) declared unconstitutional as an illegal delegation of legislative authority in violation of the provisions of Louisiana Constitution Article 2, Section 2 (1974). To the plaintiff’s petition, the defendant filed an exception of no cause of action, contending that a previous decision of this court upholding the constitutionality of the statute controls this case and deprives the plaintiff of a cause of action. See First Federal Savings & Loan Association of Concordia Vidalia v. Smith, 327 So.2d 657 (La.App. 1st Cir. 1976), writ refused, 329 So.2d 431 (La.1976).
The trial judge sustained the exception of no cause of action, relying on Smith, supra.
We reverse. Our holding in Smith dealt with whether La.R.S. 6:852(C) was unconstitutional as a violation of due process. We did not decide the issue raised by the plaintiff in this case. Though in Smith we did state the trial court found one of the issues to be “whether LSA-R.S. 6:852(C) is unconstitutional * * * as an unlawful delegation of legislative authority,” at 327 So.2d 659, the text of the opinion discussing the constitutional issue was limited to a due process argument. 327 So.2d 660. Whether La.R.S. 6:852(C) unconstitutionally delegates to the Commissioner of Financial Institutions the power reserved to the legislative branch is a question that has not been addressed. We will therefore remand this case for proceedings consistent with the views expressed herein.
Therefore, for the above and foregoing reasons, the decision of the trial court is reversed. This case is remanded and costs will be assessed after the hearing in the trial court.
REVERSED AND REMANDED.