400 So.2d 894 (1981)
DRYADES SAVINGS AND LOAN ASSOCIATION
v.
Frank LASSITER, Commissioner of Financial Institutions For the State of Louisiana, et al.
No. 81-CA-0508.
Supreme Court of Louisiana.
June 22, 1981.
C. Allen Hennesy, Edward J. McCloskey, of McCloskey, Dennery, Page & Hennesy, New Orleans, for plaintiff-appellant.
William J. Guste, Jr., Atty. Gen., Kenneth C. DeJean, Asst. Atty. Gen., for defendant-appellee.
*895 MARCUS, Justice.
Dryades Savings and Loan Association instituted this action against Frank Lassiter, Commissioner of Financial Institutions, and the Department of Commerce, State of Louisiana.[1] It is alleged that Dryades, a building and loan corporation organized under the laws of this state and domiciled in the City of New Orleans, is doing business in the Parishes of Orleans, Jefferson, St. Bernard, Plaquemines and St. Charles. Pursuant to La.R.S. 6:852,[2] Dryades made application to establish a branch office in Slidell, St. Tammany Parish, Louisiana, following the guidelines set forth in section C thereof. Nonetheless, the Commissioner disapproved Dryades' application for a branch office stating "that there is no need for a branch office in Slidell at this time." Dryades prayed for judgment declaring La. R.S. 6:852(C) unconstitutional as an improper delegation of legislative authority and revoking, vacating and setting aside the disapproval of its request by the Commissioner to open a branch office in Slidell. Alternatively, Dryades prayed that, should the statute be declared constitutional, judgment be rendered in its favor revoking, vacating and setting aside the denial of its application on the ground that the action of the Commissioner was arbitrary and capricious and that the Commissioner be ordered to approve the establishment of a branch office at a designated location in Slidell.
Defendants then filed an exception of no cause of action alleging that the district court was bound by the decision of First Federal Savings and Loan Association of Concordia Vidalia v. Smith, 327 So.2d 657 (La.App. 1st Cir.), writ denied, 329 So.2d 431 (La.1976), which affirmed the constitutionality of La.R.S. 6:852(C). The district court maintained the exception. The court of appeal reversed and remanded, finding that First Federal Savings and Loan Association of Concordia Vidalia v. Smith, supra, did not address the issue of whether La.R.S. 6:852(C) delegated to the Commissioner power constitutionally reserved to the legislative branch.[3] Dryades then filed a motion for summary judgment, requesting that La. R.S. 6:852(C) be declared an unconstitutionally broad delegation of legislative power. *896 The district court granted summary judgment declaring the statute invalid "as an unconstitutional delegation of legislative authority." Defendants appealed that judgment to this court in accordance with La.Const. art. 5, § 5(D) (1974).
The sole issue presented for our review is whether the district judge properly granted a summary judgment. Finding that he erred in doing so, we reverse and set aside the summary judgment in favor of plaintiff and remand the case to the district court for further proceedings without reaching the issue of the constitutionality of La.R.S. 6:852.
La. Code Civ.P. art. 966 provides in pertinent part:
The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. (Emphasis added.)
It is clear that a summary judgment may grant less than all of the relief prayed for. La. Code Civ.P. arts. 968 and 1915. However, a summary judgment must grant at least some of the relief prayed for by one of the parties. La. Code Civ.P. art 966; Smith v. Hanover Insurance Co., 363 So.2d 719 (La.App. 2d Cir. 1978); Beckham v. Hartford Accident and Indemnity Co., 137 So.2d 99 (La.App. 3d Cir. 1962).
In the instant case, plaintiff's prayer for relief in its petition requested that there be judgment "declaring La.R.S. 6:852(C) unconstitutional and revoking, vacating and setting aside the disapproval of petitioner's request to open a branch office in Slidell, Louisiana made pursuant to said unconstitutional statute." (Emphasis added.) Alternatively, petitioner prayed that, should the statute be found constitutional, judgment be rendered in its favor revoking, vacating and setting aside the Commissioner's disapproval of its application and ordering him to approve the establishment of the requested branch office. Plaintiff's motion for summary judgment, however, requested only that La.R.S. 6:852(C) be declared unconstitutional. It did not ask the court to revoke, vacate or set aside the Commissioner's denial of the application, nor did the summary judgment motion request the alternative relief prayed for in the petition. Consequently, the summary judgment rendered by the district court declared only that the statute was unconstitutional. The judgment did not determine whether the Commissioner's denial of plaintiff's application should be revoked, vacated or set aside and thus neither adjudicated nor affected the rights of the parties to the lawsuit. Hence, we conclude that the summary judgment neither granted nor denied any of the "relief in whole or in part" claimed by the moving party and was thus unauthorized by our code of civil procedure.
In addition, the use of a motion for summary judgment to determine the issue of the constitutionality of the statute in controversy would result in piecemeal adjudication and appeal. As Judge Pike Hall, Jr. stated in Smith v. Hanover Insurance Co., supra:
Plaintiff's use of the motion for summary judgment to obtain a ruling on his cause of action without seeking any part of the relief he claims is an unauthorized use of a procedural vehicle and illustrates the problem of piecemeal adjudication and appeal which can result from the misuse of provisions intended to streamline our civil procedure.
In the instant case, if plaintiff's use of a motion for summary judgment were allowed to obtain a ruling on an issue of law, that is, whether or not La.R.S. 6:852(C)is an unconstitutional delegation of legislative authority, our courts would still be required to adjudicate plaintiff's claim for relief, that is, whether or not it is entitled to a judgment revoking or setting aside the Commissioner's denial of its request to establish a branch office. The problem of piecemeal adjudication and appeal referred to in Smith would be present in this case. We therefore conclude that the district judge erred in granting plaintiff's motion for summary judgment on the constitutional issue alone.

*897 DECREE
For the reasons assigned, the summary judgment in favor of plaintiff is reversed and set aside, plaintiff's motion for summary judgment is denied and the case is remanded to the district court for further proceedings; judgment for costs to await the final determination of the cause.
DIXON, C. J., dissents with reasons.
DENNIS and LEMMON, JJ., dissent.
DIXON, Chief Justice (dissenting).
The statute might not be unconstitutional but the summary judgment procedure ought to be available to plaintiff to test that issue.
I respectfully dissent.
NOTES
[1] Suit was initially filed against only the Commissioner in the Civil District Court for the Parish of Orleans. Upon defendant's exceptions of improper venue, lack of procedural capacity and unauthorized use of summary proceeding, the district court sustained the exception of improper venue and transferred the action to the Nineteenth Judicial District Court for the Parish of East Baton Rouge. The district judge noted in his reasons for judgment that the Department of Commerce was the proper party defendant and that "this matter is not a summary proceeding, ... the issue other than the constitutionality being a factual one." Subsequently, Dryades amended its petition adding the Department of Commerce as a party defendant.
[2] La.R.S. 6:852 provides:

A. A branch office is a legally established place of business of the association, other than the home office, authorized by the board of directors and approved by the commissioner.
B. Each association shall be operated from the home office. All branch offices shall be subject to direction from the home office.
C. No association may establish or maintain a branch office without the prior written approval of the commissioner. Notwithstanding the definition of "primary lending area", no branch office shall be established or maintained except within one hundred miles of the place where the association is domiciled. Each application for approval of the establishment and maintenance of a branch office shall state the proposed location thereof, the need therefor, the functions to be performed therein, the estimated volume of business thereof, the estimated annual expense thereof, and the mode of payment therefor. Each such application shall be accompanied by a budget of the association for the current earnings period and for the next succeeding semiannual period, which reflects the estimated additional expense of the maintenance of such a branch office. Upon the receipt by the commissioner of such an application, he shall determine whether the establishment and maintenance of such office will unduly injure any properly conducted existing association or federal association in the community where such branch office is proposed to be established. If he finds that no undue injury is likely to result and that the establishment and maintenance of such branch office is advisable, he may approve the application.
[3] 393 So.2d 165 (La.App. 1st Cir. 1980).