JiDECUIR, Judge.
This is an appeal by plaintiffs, Raymond and Tammy Derouen, from the granting of a motion for summary judgment in favor of defendant, Quintana Petroleum Corporation. Plaintiffs contend that the trial judge erred in granting a partial summary judgment which did not grant all or part of the relief sought by the moving party because plaintiffs’ constitutional claims set forth in a subsequently filed amended petition are not addressed by the judgment at issue. We affirm for the following reasons.
The defendant initially filed a motion for summary judgment on April 29, 1991, claiming it was Mr. Derouen’s statutory employer and there was no genuine issue of material fact as to its immunity from tort liability. After a hearing, the trial court granted the motion and rendered judgment in favor of Quintana Petroleum (USA), Inc., dismissing all claims against said defendant. Thereafter, defendant Quintana Petroleum Corporation filed a motion seeking to amend the judgment of September 20, 1991, asserting that defendant was erroneously referred to in the judgment as Quintana Petroleum (USA), Inc. Subsequently, plaintiffs filed for leave to amend their original petition to include an attack on the constitutionality of La.R.S. 23:1032 and 23:1061. In response, defendant filed a rule to traverse plaintiffs’ motion to amend the original petition.
On July 17, 1992, the trial court granted defendant’s motion to amend the judgment and amended the judgment granting the motion for summary judgment filed by Quintana Petroleum | gCorporation dismissing all claims against this defendant. Plaintiffs then appealed the amended final judgment of July 17, 1992, which eventually resulted in our supreme court, on application for writs, holding the amended judgment invalid and remanding for further proceedings.
After the supreme court’s ruling, defendant refiled its motion for summary judgment on the same grounds. Subsequent thereto, plaintiffs moved for a contradictory hearing on their motion to amend the original petition. After a hearing, the trial court again granted defendant’s motion for summary judgment on the statutory employer issue and dismissed all claims against defendant contained in plaintiffs’ original petition. It is from this judgment plaintiffs appeal. We note plaintiffs do not appeal the trial court’s ruling on the statutory employer issue, but merely contend on appeal that the trial court erred in granting a partial summary judgment.
La.Code Civ.P. art. 966 provides in pertinent part:
The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. (emphasis ours)
Thus, a partial summary judgment must grant at least part of the relief prayed for by one of the parties. Dryades Savings & Loan Ass’n v. Lassiter, 400 So.2d 894, 896 (La.1981). The defendant sought in its motion for summary judgment a dismissal of plaintiffs’ claims on the grounds that defendant was Mr. Derouen’s statutory employer at the time of his accident and is therefore immune from tort liability. This relief was granted. The motion for summary judgment struck down the entirety of plaintiffs’ case upon a finding that Quintana Petroleum, as Mr. Derouen’s statutory employer, was immune from any tort liability. Therefore, the *121 grant of the summary judgment was valid. The issue of statutory employer is now laid to rest. The trial court will now be required to address plaintiffs’ constitutionality arguments which, if ultimately defeated, will end the case.
The case law cited by plaintiffs is inapplicable to the case sub judice. The defendant’s motion for summary judgment represents an attack on plaintiffs’ entire theory of recovery. If the statutes in question are ultimately determined to be unconstitutional, then the matter will go to trial because the defense of statutory employer will not be available to defendant. In that event, it is not a theory of recovery that will be disposed of, but a defense. Plaintiffs are not harmed by this opinion. To rule otherwise would render La.Code Civ.P. art. 966, allowing partial summary judgments, meaningless.
^Furthermore, to reverse the granting of the motion for summary judgment would require the trial court to try the statutory employer issue for the third time. This would result in piecemeal litigation and appeal, and uneconomical and inefficient use of judicial time.
Costs of appeal are assessed to plaintiffs-appellants.
AFFIRMED.
AMY, J., dissents and assigns reasons.