Dear Ms. Nations:
Your request for an opinion has been forwarded to my office. Your inquiry centers on 18 U.S.C. § 1033, which bars certain convicted felons from participating in the insurance business and gives the commissioner of insurance the authority to grant waivers to allow such participation. 18 U.S.C. § 1033 (e) (2) states that individuals convicted of certain crimes as described under this statute "may engage in the business of insurance or participate in such business if such person has the written consent of any insurance regulatory official authorized to regulate the insurer."
Specifically, you asked the following questions:
 1. If a current non-licensed employee, licensed applicant or licensed agent applies for but is denied written consent, does that individual have the right to judicial review of the commissioner's decision?
 2. If written consent is withheld, may the Department: deny issuance of a license, deny renewal of an existing license, or revoke a license an agent is currently holding based on the grounds that the applicant or agent is in violation of 18 U.S.C. § 1033? If so, is the individual entitled to judicial review?
 3. If the individual were entitled to judicial review, what would be the proper venue for the proceedings?
The commissioner's denying of consent under 18 U.S.C. § 1033
should not be confused with the commissioner's non-issuance, suspension or revocation of licenses under the Louisiana Insurance Code (LA R.S. 22:1114 et seq). 18 U.S.C. § 1033 is a federally enacted statute that clearly bestows upon the Commissioner of Insurance the power to grant waivers. 18 U.S.C. § 1033 contains no provision requiring the commissioner to hold a hearing prior to deciding whether or not to grant a waiver, nor does it provide for judicial review.
As stated in LA R.S. 49:964, judicial review is afforded to, "a person who is aggrieved by a final decision or order in an adjudication proceeding". LA R.S. 49:951 defines "decision or order" as, "the whole or part of the final disposition of anagency required by constitution or statute." [Emphasis added].18 U.S.C. § 1033 is a federal statute that gives the commissioner of insurance, not the department of insurance, the discretion to grant the waiver. The commissioner's determination to either grant or deny a waiver is not of the type of "decisions" or "orders" as defined by the Administrative Procedure Act. Thus, the APA does not apply, and judicial review should not be afforded.
The commissioner's granting of a waiver through 18 U.S.C. § 1033
does not conflict with any provision of Louisiana's Insurance Code. An individual or business entity who has been denied consent by the commissioner is not deprived of a property right, for an expectation of a thing is not a real property right. InHagood v. Pickering, 385 So.2d 405 (La.App. 1 Cir. 1980), the court cited the U.S. Supreme Court in Board of Regents of StateColleges v. Roth, 92 S.Ct. 2701 at 2709, and their discussion of property interests protected by procedural due process is as follows:
 To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation for it. He must, instead, have a legitimate claim of entitlement to it.
In brief, 18 U.S.C. § 1033 is a federal statute that does not allow for a legitimate expectation of receiving the commissioner's waiver. The determination by the commissioner is neither a decision nor an order as defined by the Administrative Procedure Act. It is not subject to judicial review, and it does not deny the individual of a real property right.
I hope this addresses your questions. Should you have any questions or comments, please do not hesitate to contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: CHARLES H. BRAUD ASSISTANT ATTORNEY GENERAL