897 So.2d 149 (2004)
Ben CARTER
v.
STATE of Louisiana, CRIME VICTIMS REPARATION BOARD AND FUND.
No. 2003 CA 2728.
Court of Appeal of Louisiana, First Circuit.
October 29, 2004.
*150 C.R. Whitehead, Jr., Natchitoches, Counsel for Plaintiff/Appellant Ben Carter.
Charles C. Foti, Jr., Attorney General, Thomas L. Enright, Jr., Assistant Attorney General, Baton Rouge, Counsel for Defendant/Appellee State of Louisiana, Crime Victims Reparation Board and Fund.
Before: WHIPPLE, FITZSIMMONS, and DOWNING, JJ.
FITZSIMMONS, J.
Plaintiff, Ben Carter, filed an application for benefits under the Louisiana Crime Victims Reparations Act, La. R.S. 46:1801, et seq. After considering the application and submitted evidence, the Louisiana Crime Victims Reparations Board (board) *151 voted to deny the claim. Mr. Carter was notified of the denial, but chose not to administratively appeal the board's decision. See LAC 22, Part XIII, § 303. Instead, he filed a suit against the board for "Health Care Benefits."[1] The district court found that the matter had prescribed, and dismissed the suit, with prejudice. We vacate the judgment, and dismiss the appeal.
On appeal, Mr. Carter asserts that the board's consideration and denial of his application, without affording him the constitutional due process requirements of notice and hearing, rendered the board's decision null and void. Mr. Carter also relies on various state statutes, including provisions of the Louisiana Administrative Procedures Act (APA), La. R.S. 49:950, et seq., which require notice and a hearing for certain matters; jurisprudence interpreting those articles; and Code of Civil Procedure articles 2002 and 2004, governing the nullity of a judgment.

CONSTITUTIONAL DUE PROCESS CLAIM
Similar to the Fourteenth Amendment to the U.S. Constitution, the Louisiana Constitution, Article I, § 2, provides that "[n]o person shall be deprived of life, liberty, or property, except by due process of law." Fundamentally, procedural due process requires notice of a proceeding and an opportunity to be heard. In re Justice of the Peace Landry, XXXX-XXXX, p. 9 (La.6/29/01), 789 So.2d 1271, 1277. Initially, we must determine whether Mr. Carter's claim for reparations was subject to the constitutional due process protections, which may override other state law provisions.
To claim the protection of constitutional due process, a party must show the existence of some fundamentally protected right, such as a property or liberty interest, that has been adversely affected by state action. However, property interests are not created by the constitution. They are created and defined by existing rules or understandings that stem from an independent source, such as state law, that secure certain benefits and support claims of entitlement to those benefits. To have a property interest protected by due process, a person must clearly have more than an abstract need or desire for the property. He must have a legitimate entitlement to it, not merely a unilateral expectation. American International Gaming Association, Inc. v. Louisiana Riverboat Gaming Commission, 2000-2864, pp. 13-14 (La.App. 1 Cir. 9/11/02), 838 So.2d 5, 16; Hagood v. Pickering, 385 So.2d 405, 408-09 (La.App. 1 Cir.1980). If the property interest would be granted "merely on the applicant meeting certain specified qualifications," due process may be required for a denial of the claim. See Hagood, 385 So.2d at 409. Contrarily, if the determining board or commission has broad discretion to decide whether the public interest is served, the claimed benefit does not rise to the level of an entitlement. Id.
We can find no basis for a claim of clear entitlement to victim reparations. The Louisiana Victims Reparations Act does not require the granting of applications for reparations upon the mere fulfillment of "certain specified qualifications." See Hagood, 385 So.2d at 409. Rather, the act allows the board wide discretion in its decision on awards. Under the law, the board considers the application using a preponderance of the evidence standard of *152 review. La. R.S. 46:1809 A. The initial consideration is whether a pecuniary loss was sustained. Id. Secondly, the board must make ancillary findings, including the victim's level of cooperation with law enforcement and level of involvement in the crime itself. La. R.S. 46:1809 B. Thus, reparations are a remedy or a benefit granted by the state, but not an entitlement. Absent a protected property interest, a due process notice and hearing were not required. See Hagood, 385 So.2d at 409.

STATUTORY STATE LAW CLAIMS
The APA does not supersede more specific, applicable provisions of law. "Rather, it was intended to create procedures in those instances where none exist." Metro Riverboat Associates, Inc. v. Louisiana Gaming Control Board, XXXX-XXXX, p. 9 (La.10/16/01), 797 So.2d 656, 662. The Crime Victims Reparations Act provides its own procedures for the implementation of hearings. La. R.S. 46:1809 A. The question of whether to hold a hearing is left to the discretion of the board. See La. R.S. 46:1808 A & 1809 A.
After the board makes a decision, it is "subject to review in accordance with the provisions of [the APA]." La. R.S. 46:1812. The APA provides for judicial review of the validity and applicability of agency rules. It also provides judicial review from "a final decision or order in an adjudication proceeding...." La. R.S. 49:964 A(1) and 49:963; see Metro Riverboat Associates, Inc., XXXX-XXXX at p. 9, 797 So.2d at 662. For purposes of the APA, an "adjudication" is defined as the "agency process for the formulation of a decision or order." La. R.S. 49:951(1). A "`[d]ecision' or `order' means the whole or any part of the final disposition... of any agency, in any matter other than rulemaking, required by constitution or statute to be determined on the record after notice and opportunity for an agency hearing...." La. R.S. 49:951(3) (Emphasis added.); see Metro Riverboat Associates, Inc., XXXX-XXXX at p. 9 n. 7, 797 So.2d at 662 n. 7. Under La. R.S. 46:1808 A and 1809 A, a hearing is not required for every application for reparations.
In this case, the law did not require notice and hearing, and the board chose not to hold a hearing. Thus, in the absence of a statutorily required notice and hearing, the board's decision to deny the application did not meet the APA's definition of an order or decision subject to judicial review. See La. R.S. 49:951(3); Metro Riverboat Associates, Inc., XXXX-XXXX at p. 9 n. 7, 797 So.2d at 662 n. 7.
Further, in the absence of a right to judicial review, neither the trial court nor an appellate court has jurisdiction to rule on the merits of the reparations claim. This court's jurisdiction extends only to correcting the trial court's error in entertaining the suit. See Metro Riverboat Associates, Inc., XXXX-XXXX at p. 10, 797 So.2d at 663.
For these reasons, we vacate the judgment of the district court and dismiss the appeal. The costs of the appeal are assessed to appellant, Mr. Carter.
JUDGMENT VACATED, AND APPEAL DISMISSED.
DOWNING, J., concurs in part and dissents in part and assigns reasons.
WHIPPLE, J., concurs in the result for the reasons assigned by J. DOWNING.
DOWNING, J., concurs in part and dissents in part and assigns reasons.
I concur in the result in that the district court and this court lack jurisdiction to consider Ben Carter's petition for declaratory judgment or to consider the merits of *153 an appeal. I note, however, that Carter has a legal right to limited review of the adverse conclusions of the Louisiana Crime Victim's Reparations Board and Fund (Board). Pursuant to La. C.C.P. art. 932, Carter should be given the opportunity to amend the petition to assert a cause of action over which jurisdiction exists.

Due Process
I note the majority's correct reliance on Metro Riverboat Associates, Inc. v. Louisiana Gaming Control Bd., 01-0185 (La.10/16/01), 797 So.2d 656, in its conclusion that neither the district court nor this court has jurisdiction to entertain the action as presented for review. However, Carter is entitled to some judicial review, whether or not he possesses a protected property interest in funds from the Board. In Delta Bank & Trust Co. v. Lassiter, 383 So.2d 330, 335 (La.1980), the Louisiana Supreme Court instructed that a right to judicial review exists even in an administrative board's discretionary decisions, as follow:
It is well settled that the right of judicial review of administrative proceedings is presumed to exist. It has been held that such review is necessary to the validity of administrative proceedings under our legal system and traditions. The scope of review of administrative agencies in the performance of a discretionary duty is restricted to a determination of whether the agency's action can be deemed to have been unreasonable, arbitrary or capricious, or whether it amounted to an abuse of power. (Citation omitted.) (Emphasis added.)
I agree with the majority that the Board's ruling in not a decision or order subject to remedy under the Louisiana Administrative Procedure Act (LAPA), La. R.S. 49:964 et seq. However, Carter does have a right to have the Board's acts reviewed in the district court for unreasonableness, arbitrariness, capriciousness or abuse of power. Id.
Concerning Metro, 01-0185, p. 9, n. 7, 797 So.2d at 662, n. 7, the Supreme Court cites Delta Bank as authority for the proposition that only orders and decisions are appealable and only through the LAPA. Metro in no way, however, criticizes the holding in Delta Bank or distinguishes its ruling that district courts have the right to review a board's final, otherwise non-appealable acts for unreasonableness, arbitrariness, capriciousness or abuse of power.
In Metro, both the trial court and court of appeal purported to decide the merits of the agency decision before them. I agree that the courts lack jurisdiction to review the merits of an agency act that is not a decision or order for the purposes of the LAPA. However, it is well settled that the right of judicial review of administrative proceedings is presumed to exist to review an agency's actions for unreasonableness, arbitrariness or capriciousness, or whether an agency's acts amount to an abuse of power. Delta Bank, 383 So.2d at 335. Accordingly, I disagree that Metro precludes the limited review recognized in Delta Bank.
Here, Carter may not have availed himself of his limited right to submit a letter to the Board to provide new information for reconsideration, LAC 22, Part 13, § 303D, but I do not find this fatal to his claim for review. In Polk v. State, through Dept. of Transp. and Development, 538 So.2d 239, 250-51 (La.1989), the Louisiana Supreme Court held that the claimant had exhausted his administrative remedies as a practical matter when he did not seek similar minimal administrative review by the same agency officials who initially denied *154 the claim.[1] In Polk as here, the pertinent statutes did not require a process of agency review. Id., 538 So.2d at 250. Nor was there any requirement for an adversary hearing. Id. "Appeal" consisted of submitting a form to the same officials who denied benefits in the first instance. Id., 538 So.2d at 250-51. As in Polk, the Board's review here would essentially be a rehearing and not a review by a higher authority.
The exhaustion of remedies doctrine, like most judicial doctrines, is subject to a number of exceptions, and application of the doctrine to specific cases requires an understanding of the purpose and the particular administrative scheme involved. Polk, 538 So.2d at 250. As in Polk, we should not apply the exhaustion doctrine because the similar minimal administrative review process that was available to Carter was effectively exhausted.
Even so, Carter has not alleged facts in his petition showing an abuse of discretion. This court and the district court lack jurisdiction beyond the limited review outlined in Delta Bank. However, pursuant to La. C.C.P. art. 932, Carter should be given the opportunity to amend the petition to plead a cause of action over which jurisdiction exists.

Protected Property Interest
I suggest that the majority is incorrect in its assertion that Carter has no entitlement, thus no protected property interest, in Board funds. The Board does not have discretion to act arbitrarily or capriciously regarding these funds. La. R.S. 46:1804, addressing eligibility for reparations, provides that a proper claimant "shall be eligible for an award of reparations in accordance with the provisions of this Chapter." La. R.S. 46:1809, addressing criteria for making or denying awards, also mandates reparations to crime victim claimants, in pertinent part as follows:
A. The board shall order the payment of reparations in an amount determined by it if, with or without hearings, it finds by a preponderance of the evidence that pecuniary loss was sustained by the victim or other claimant by reason of personal injury, death, or catastrophic property loss suffered by the victim and that such loss was proximately caused by a crime enumerated in R.S. 46:1805 and that such pecuniary loss has or will not be compensated from any collateral or other source. (Emphasis added.)
Sections B and C of La. R.S. 46:1809 set out the factors the Board is to consider.
The word "shall" is mandatory. La. R.S. 1:3. Benefits are due if a claimant meets the criteria. And nothing in the language of La. R.S. 46:1809 allows the Board to deny a claim that meets the stated criteria or to otherwise act arbitrarily or capriciously. Accordingly, I disagree with the majority where it concludes that Carter has no claim of entitlement to victims' compensation benefits. However, the minimal review outlined in Delta Bank, if utilized, would adequately protect Carter's right to due process.

*155 Conclusion

I concur with the majority decision insofar as it recognizes the trial court's and our lack of jurisdiction to consider this matter as pled. Even so, Carter has a right to seek limited judicial review of the adverse agency decision for unreasonableness, arbitrariness, capriciousness or abuse of power even where the Louisiana Administrative Procedures Act does not afford such review. Pursuant to Delta Bank, the trial court and this court could entertain such a claim. Accordingly, under the provisions of La. C.C.P. art. 932, Carter should be given the opportunity to amend the petition to plead a cause of action over which jurisdiction exists.
NOTES
[1] Mr. Carter died approximately six months after suit was filed. Just prior to the rendition of the appealed judgment, Mrs. Jean Carter, the administratrix of the Succession of Ben Carter, was substituted as the proper plaintiff.
[1] Louisiana Administrative Code 22, Part 13, § 303D, "Appeals," provides as follows:

1. If an application is denied and the victim/claimant desires to appeal the board's decision, the victim/claimant must file the appeal within 60 days from the date of the denial letter.
2. The appeal letter should furnish the board with any new information not yet provided that the victim/claimant desires to have presented.
3. The appeal will be scheduled for the next available agenda.
The Board is not required to have a hearing of give a claimant notice and the right to be heard. La. R.S. 46:1808.