445 So.2d 187 (1984)
Jerome C. BENSON, Plaintiff-Appellant,
v.
Howard Warren SEAGRAVES, et al., Defendants-Appellees.
No. 82-163.
Court of Appeal of Louisiana, Third Circuit.
February 1, 1984.
Writ Denied March 23, 1984.
*188 Breazeale, Sachse & Wilson, John B. Noland, Baton Rouge, for plaintiff-appellant.
Jones, Jones & Alexander, J.B. Jones, Jr., Cameron, for defendants-appellees.
Before DOMENGEAUX, DOUCET and LABORDE, JJ.
DOMENGEAUX, Judge.
This case is before us again, this time on remand from the Louisiana Supreme Court. Jerome C. Benson originally instituted this tort action to recover damages for personal injuries sustained by him while riding as a guest passenger in a truck driven by Howard Warren Seagraves. Although plaintiff was an employee of Barlay Engineers, Inc., the truck in which he was riding as a guest passenger was owned by Jefferson Davis Electric Cooperative, Inc., Seagraves' employer, and was insured by United States Fidelity & Guaranty Company (hereinafter USF & G). Made defendants were Seagraves, Jefferson Davis, and USF & G. The workmen's compensation insurer of Barlay, Commercial Union Insurance Company, intervened to recover the compensation benefits which it paid to Benson.
All defendants answered via general denials and affirmatively set forth the defense of contributory negligence. Additionally, the defendants asserted a special defense of "statutory employer" claiming that plaintiff's work was a part of Jefferson Davis' trade, business, or occupation. As such, defendants contended that Benson's exclusive remedy was workmen's compensation and thus they were not liable in tort.
At the jury trial it was stipulated that the accident was caused by the negligence of Seagraves. The jury returned a special verdict which found Benson was not the statutory employer of Jefferson Davis and further awarded damages on the tort claim in the amount of $125,000.00. Plaintiff then appealed that judgment to this Court, claiming that the jury abused its discretion in awarding him only $125,000.00 in damages. Defendants answered the appeal claiming that the jury should have held that Benson's exclusive remedy was in workmen's compensation; the basis of such premise being that Benson was the statutory employee of Jefferson Davis. In our review of that case, published as Benson v. Seagraves, et al., 421 So.2d 995 (La.App. 3rd Cir.1982), we found the jury was in error in holding that Jefferson Davis was *189 not the statutory employer of Benson. Accordingly, we reversed the judgment of the trial court and rendered judgment in favor of the defendants, Jefferson Davis, USF & G, and Howard Seagraves, and further ordered plaintiff's petition against them dismissed. On Benson's application, our high court granted certiorari.[1]
In its review of the case,[2] our Supreme Court held that Jefferson Davis was not the statutory employer of Benson. It further stated:
"[b]ecause the court of appeal sustained the statutory employer defense, it did not reach the issues of contributory negligence and quantum. We therefore consider it more appropriate to remand the case to that court for it to determine whether or not Benson was contributorily negligent and, if not, the adequacy of the award of damages."
Supra at 529.
Thus the two issues before us on remand are: (1) Whether Benson was contributorily negligent, and (2) Whether the jury award of damages was adequate.
This accident occurred when the truck driven by Seagraves rear ended a tractor-trailer owned by the Louisiana Department of Transportation and Development.[3]

CONTRIBUTORY NEGLIGENCE DEFENSE
Defendants do not claim this accident could have been avoided by plaintiff's action but rather they contend that his failure to use a seat belt contributed to the degree of injury he sustained.
In a series of cases, Louisiana courts have addressed the issue of negligence arising from the failure to use a seat belt. See Williams v. Harvey, 328 So.2d 901 (La.App. 1st Cir.1976); Wiggins v. Chrysler Motor Company, 271 So.2d 551 (La. App. 1st Cir.1972); Fontenot v. Fidelity & Casualty Company of New York, 217 So.2d 702 (La.App. 3rd Cir.1969); Lawrence v. Westchester Fire Insurance Co., 213 So.2d 784 (La.App. 2nd Cir.1968); Myles v. Lee, 209 So.2d 533 (La.App. 2nd Cir.1968). In each case the court refused to find contributory negligence for the failure to wear a seat belt.
Many other jurisdictions have addressed the issue of "seat belt defenses".[4] Clearly, the dominant view in American jurisprudence is that the failure to wear a seat belt does not constitute contributory negligence. The view taken by the Louisiana courts is in accord with this general proposition. Thus, on the record before us, we cannot say that plaintiff's failure to wear a seat belt amounted to contributory negligence which would bar his recovery.

QUANTUM
Plaintiff's injuries were sustained when the pickup truck in which he was riding collided into the rear of a large flatbed truck. The impact propelled Benson's face into the cowling of the pickup's dash and crushed one ankle against the fire wall. Although the extent of plaintiff's damages is in dispute he claims that the injuries suffered consisted of: (1) Loss of sight in one eye, (2) Facial disfigurement, (3) Loss of sense of smell, (4) Permanent disability in the use of one ankle, and (5) Brain injury. In compensation of these injuries the jury awarded plaintiff $125,000.00. Plaintiff seeks an increase of this award claiming that it is not adequate.
La.C.C. Art. 1934(3) provides that in the assessment of general damages, "much discretion must be left to the judge or jury *190 * * *." In elaborating on the methodology of appellate review of awards for general damages the Louisiana Supreme Court in Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977), stated that:
"... before a Court of Appeal can disturb an award made by a trial court that the record must clearly reveal that the trier of fact abused its discretion in making its award. Only after making the finding that the record supports that the lower court abused its much discretion can the appellate court disturb the award, and then only to the extent of lowering it (or raising it) to the highest (or lowest) point which is reasonably within the discretion afforded that court. It is never appropriate for a Court of Appeal, having found that the trial court has abused its discretion, simply to decide what it considers an appropriate award on the basis of the evidence." Coco, at 335 (citations omitted).
Thus, the analysis should be directed toward whether the factfinder has abused his/their much discretion in compensating the plaintiff for this particular injury taking into consideration the effect such injury had on this particular plaintiff.
"It is only after [an] articulated analysis of the facts discloses an abuse of discretion, that the award may on appellate review, for articulated reason, be considered either excessive, Carollo v. Wilson, 353 So.2d 249 (La.1977); Schexnayder v. Carpenter, 346 So.2d 196 (La. 1977), or insufficient, Olds v. Ashley, 250 La. 935, 200 So.2d 1 (1967). Only after such determination of abuse has been reached, is a resort to prior awards appropriate under Coco for purposes of then determining what would be an appropriate award for the present case." Reck v. Stevens, 373 So.2d 498, 501 (La. 1979).
After analyzing the facts in this case we find that the jury did not abuse its discretion in making its award.
Special damages consisting of past lost wages and medical expenses in the amount of $24,407.00 were proven by plaintiff. Subtracting that amount from the total award it can be seen that the jury awarded plaintiff $100,593.00 in general damages.
As to plaintiff's claim of brain injuries, the only evidence supportive of the proposition is found in the testimony of plaintiff and his wife to the effect that he was more forgetful than before the accident and that subsequent to the accident he suffered personality changes. The record shows that the disability to plaintiff's right eye results in his merely being able to distinguish shapes in that eye, and that there is some disfiguration because the right eye is now lower than the left. Additionally, he has lost the sense of smell and has a 25% disability of his right ankle.
The jury in the lower court spent three days observing Mr. Benson. They saw him testify on two different occasions. They heard him state that he is still engaged in the same position of employment and that in fact he is presently earning more than he was subsequent to the accident.
There is no doubt that Mr. Benson suffered serious injuries, however, strapped as we are by the mandates set out in Coco, supra, and its progeny, and applying the formula set out therein, we would be jurisprudentially in error if we increased plaintiff's award in general damages. It may very well be, had we been the trier of fact, that plaintiff's award would have been higher. This cannot, however, cause us to say that plaintiff's award was an abuse of discretion. For as we earlier stated, the question on appeal is not whether we consider the award appropriate but whether the jury has abused its discretion in making the award.
We must assume that the jury considered all of the evidence before it and with that in mind we cannot say the jury has abused its discretion by making the above stated award.
For the above and foregoing reasons the judgment of the trial court is affirmed. The plaintiff-appellant is to pay all costs of these proceedings.
AFFIRMED.
NOTES
[1] 427 So.2d 1200 (La.1983).
[2] Published as Benson v. Seagraves, Jefferson Davis Electrical Cooperative, Inc., and United States Fidelity & Guaranty Company, 1983, 436 So.2d 525 (La.1983).
[3] The original defendants third-partied the Louisiana Department of Transportation and Development, owner of the tractor-trailer, and its insurer, Travelers Insurance Company. This action was later dismissed on a motion for summary judgment filed by the third party defendants.
[4] For an excellent overview, see "Failure to use Automobile Seat Belts" 92 A.L.R.3rd 9 (1979).