DUFRESNE, Judge.
James Vincent brings this appeal contending a jury award of $8,500.00 for personal injuries was inadequate. We affirm, finding the jury did not abuse its broad discretion in determining the damage award.
The facts of this matter are undisputed. James Vincent filed suit against Allstate Insurance Company to recover damages for personal injuries resulting from an automobile accident which happened on August 24, 1981.
Liability was established by the jury and that issue is not appealed, therefore the sole issue before this court is quantum.
James Vincent was involved in an automobile accident with Odessa Terrebonne who ran into the rear of Vincent’s pick-up truck. The impact of this rear end collision knocked Vincent’s pick-up truck some ten or twelve feet forward. The impact of this rear end collision threw his head back into the rear of the cab and his head hit the back of the cab wall.
Prior to the filing of this suit he settled with the Insurance carrier for Terrebonne reserving his rights against his own under-insured motorist insurance carrier, Allstate Insurance Company, whose policy provides $10,000.00 of coverage for Vincent. In the settlement with Terrebonne, Vincent was paid $5,000.00 for his personal injuries.
A reviewing court should not disturb the trier of fact’s damage award absent a determination that the fact-finder abused its much discretion under the facts of the particular case. Bensen v. Seagraves, 445 So.2d 187 (La.App. 3rd Cir.1984) and see also, Reck v. Stevens, 373 So.2d 498 (La.1979). In the present case, the trial court did not utilize either special verdicts or interrogatories to itemize the elements of damage. A lump sum judgment of damages is presumed to award all items of damage claimed, and the plaintiff’s burden of proving the fact finder clearly abused its great discretion is more difficult than usual, because the intention to award a specific amount for a particular item is not readily ascertainable. Dunaway v. Rester Refrigeration Service, Inc., 428 So.2d 1064 (La.App. 1st Cir.1983). To determine if an abuse of discretion has occurred when a general verdict form has been used, each case must be analyzed on its own facts and circumstances, and each element of damages claimed must be examined Washington v. Lake City Beverage, Inc., 852 So.2d 717 (La.App. 3rd Cir.1977).
At trial, the jury heard the testimony of four witnesses, Mr. and Mrs. James Vincent, Dr. William Pusateri, and Dr. Charles Steiner. The jury did not hear from Dr. Daniel Talbot, whom Mr. Vincent testified he first saw after the accident.
Dr. Pusateri had treated Mr. Vincent for a number of years prior to the automobile accident of August 24,1981, specifically for problems related his right knee which was injured in another automobile accident in 1958. Dr. Pusateri testified that he first saw Mr. Vincent on December 15, 1981. On this initial visit, he testified that Vincent was complaining of pain in his neck. Dr. Pusateri further stated that Vincent didn’t tell him of any other complaints. Further based upon the history and physical examination, his diagnosis was that Mr. Vincent had sustained a cervical strain which was superimposed upon a cervical spine in which there were two degenerated discs. However, Dr. Pusateri did indicate that the degenerated discs had nothing to *24 do with the automobile accident of August 24, 1981. He stated that Vincent returned to see him on January 26, 1982, at which time Mr. Vincent began to complain about pain in his right knee, in addition to his complaints about his neck.
Dr. Pusateri indicated that, to his knowledge, this was the first complaint about the right knee. Vincent, himself, testified that he did not make any complaints about his right knee until he complained to Dr. Pusa-teri on January 26, 1982. Dr. Pusateri further testified that when he returned for a visit on February 16, 1982, that Vincent told him his neck and knee were doing better. When Vincent returned on April 20, 1982, he had a negative physical examination as to his neck and he was discharged by Dr. Pusateri.
Although Dr. Pusateri saw Vincent after his discharge on April 20, 1982, he did not see him for any problem related to the automobile accident of August 24, 1981, and he made no further complaints about his neck.
Dr. Charles Steiner, a cardiologist, did not treat Vincent after the accident of August 24, 1981, but was called apparently to show he did not have any knee problems when he gave him a stress test in 1980.
Mr. Vincent, who took the stand on his own behalf, and testified several times during direct examination that he was experiencing back problems as a result of the automobile accident.
On direct examination he alleged that since the accident, he had been unable to go trawling because of his physical condition. However, on cross-examination, he testified that he worked seven days a week, from 8:00 a.m. to 7:00 p.m. in the grocery store which he has owned since April 1983.
Questions of fact and credibility are generally left to the jury and its finding should not be disturbed unless they are manifestly erroneous.
After reviewing the record, we cannot say that the jury was manifestly erroneous in its evaluation of the case and its award of $3,500.00 in damages.
For the foregoing reasons, the verdict of the jury is affirmed.
AFFIRMED.